[Civ. No. 311.   Third Appellate District.—May 28, 1908.]

## LEWIS DAVIES et al., Respondents, v. JOSEPH ANGELO et al., Appellants.

WATER RIGHTS—SUPPORT OF FINDINGS AND JUDGMENT—PRESCRIPTIVE RIGHTS—PRIORITY.—In an action to determine water rights, where the evidence sufficiently supports findings by the court that plaintiffs and their predecessors had used the water in controversy for twenty years to irrigate their lands, that defendants had acquired no prescriptive rights therein, that plaintiffs' user was prior to any rights of defendants therein, and that defendants had wrongfully diverted the water to plaintiffs' damage in the sum found, the findings so sustained are sufficient to negative any rights of defendants in the waters, and to support the judgment for the plaintiffs.

ID.—REVIEW OF EVIDENCE TO SUSTAIN FINDINGS.—In reviewing the sufficiency of the evidence to sustain the findings for the plaintiffs, the preponderance of the evidence or the substantial character of the showing made by the defendants cannot be considered, but the single inquiry is, Does the record contain any evidence tending to support the findings?

ID.—OMISSION TO FIND UPON ISSUE OF PRIOR APPROPRIATION IMMATERIAL.—The findings sustained by the evidence being sufficient to show a presumptive user of the waters by the plaintiffs and their predecessors for the statutory period, and to show priority of rights of the plaintiffs to any rights of the defendants, and to sustain the judgment for plaintiffs, the omission to find specifically upon a defense of prior appropriation by the defendants is immaterial.

APPEAL from a judgment of the Superior Court of Siskiyou County, and from an order denying a new trial. J. S. Beard, Judge.

The facts are stated in the opinion of the court.

James F. Farraher, for Appellants.

R. S. Taylor, Gillis & Tapscott, and Tapscott & Gillis, for Respondents.

BURNETT, J.—The principal contention of appellants relates to the sufficiency of the evidence to support the findings of the lower court.

Those to which the specification of insufficiency is addressed are substantially as follows:

1. That the use of the waters of McAdams creek by defendants has never been adverse to the rights of plaintiffs for a sufficient period of time to give them an adverse right thereto; 2. That during the time (twenty years) plaintiffs and their predecessors owned and cultivated the so-called Davies ranch, they owned and used twenty-five inches, measured under a four-inch pressure, of the waters of McAdams creek and its tributaries (except Clear creek) for irrigating said lands, and that such use and appropriation are prior to any rights of defendants herein; 3. That such use of said waters was made each year from April 1st to October 1st, and that it was necessary for the cultivation of said lands; 4. That

in the year 1904, defendants wrongfully and unlawfully diverted all of the waters from said creek and deprived plaintiffs thereof; 5. That during the period of time covered by the diversions by defendants there was sufficient water flowing in McAdams creek to have reached plaintiffs' ditches; 6. That the acts of defendants caused plaintiffs damage in the sum of $200, and that the continuance of the diversion by defendants of the water would cause great and irreparable damage and injury to plaintiffs.

We are not concerned, of course, with the question of the preponderance of the evidence or as to the substantial character of the showing made by the defendants, but the single inquiry is, Does the record contain any evidence tending to support said findings? This question must be answered in the affirmative.

Without segregating and considering it under its appropriate and corresponding findings, we make the following quotations from the testimony of the witnesses: Lewis Davies said: "I have been familiar with the Davies ranch on McAdams creek since 1871. Every year through the irrigating season we have used the water and have raised a crop, excepting perhaps in 1881 or 1882, when we had a lawsuit with the miners for this same water. Without irrigating water the garden and fruit crops would dry up and would not mature. The water we used for irrigating was from McAdams creek and a drain known as the Oak Grove drain. We had two irrigating ditches from the creek for irrigation of garden, orchard, alfalfa and hay. In the spring, when the water was plenty, we used one hundred and more, but when the water gets low in the creek we use what the miners have used above us, and that varies from twenty to thirty inches. We would use all the water flowing in McAdams creek above Clear creek. Last year there was a very large crop of apples on the trees, and if we had had water we would have had good apples. *Defendants put a dam across the creek* and deprived us of the water, however, and the fruit dried up. I think there was plenty of water there to have saved our fruit if defendants had not interfered. I estimate the damage to our fruit and garden at $350. I went to defendants and told them to use the water to irrigate their garden and turn the water down so I could save my garden and

fruit, but they said, 'If the water is ours we will use it all the time.' I took the dam out and they put it back immediately, and we did not have any water afterward. No one above us during the irrigating season in prior years has diverted any of the waters of McAdams creek or taken them away from us except during our lawsuit with the miners in 1881 and possibly in 1882.''

Mr. Davidson testified: ''I have been acquainted with McAdams creek more or less for fifty years last past. I know the Lewis Davies place. I think Davies bought this in the '70's. Up to 1900 I was by the Lewis Davies place every year, and I can say they used surface waters of McAdams creek every year for irrigating. I know the old former Ed Mathewson place now occupied by defendants. There has been a garden there quite a while. It was not there for some time after the Davies ranch.''

Mr. Wayne testified: ''I lived on McAdams creek from 1871 to 1874. I know what is called the Davies ranch. During the time I was there they used water from McAdams creek to irrigate it. While I was there the miners had me to go up and down the creek and keep the water in it. After the water got down so that it was used by the last mine the first ranch to use it was the Lewis Davies ranch.''

There is other testimony of a similar character, and it is not denied that the irrigating season extends from April 1st to October 1st. Giving full credit, as we must, to the testimony of plaintiffs, we reach the conclusion that plaintiffs, under a claim of right for more than the statutory period of time, for purposes of irrigation, used the waters flowing in said McAdams creek; that said claim of right included at least twenty-five inches, as found by the court below, although there were periods of drought when the supply was less; that defendants, by the construction of a dam, deprived plaintiffs of the use of water to which they were entitled, and thereby damaged the latter to the extent of $200, and that the continuance of said obstruction would work irreparable injury to plaintiffs.

The findings, supported as they are by the evidence, justify the judgment, and render immaterial the allegation of defendants as to prior appropriation of said water, upon which there is no specific finding.

In this connection appellants cite *Haight* v. *Tryon,* 112 Cal. 4, [44 Pac. 318], and *Cloverdale* v. *Smith,* 128 Cal. 230, [60 Pac. 851].

In the former the well-settled doctrine is announced that "It is the duty of the court to find upon all the material issues, regardless of any request of the parties," and in the latter it is held that in an action to abate and enjoin a nuisance caused by the construction and maintenance by defendants of a bulkhead, embankment and ditch, where the court found that the ditch caused the injury complained of, but that the defendants did not construct the ditch, and rendered judgment for the defendants, the omission to find upon the material issue presented by the pleadings as to whether defendants maintained the ditch is ground for reversal.

But those cases are not in point here, for the reason that the court found that plaintiffs are, and have been, the owners of twenty-five inches of the water, and have used the same under claim of right for more than the statutory period, "and such use and appropriation is prior to any rights of defendants herein."

The prior right to the waters and the extent of such right were thereby determined, and the findings of the court necessarily negative any claim or right of defendants in or to any of said waters.

The material issues were all passed upon, and we see no reason for interfering with the conclusion of the trial court.

The judgment and order are affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 27, 1908.