[Civ. No. 602.   Second Appellate District.—May 26, 1909.]

KERN VALLEY BANK, Respondent, v. CHARLES A. KOEHN, Appellant.

ATTACHMENT—ORDER REFUSING MOTION TO DISSOLVE—CONFLICTING EVIDENCE AS TO SECURITY—REVIEW UPON APPEAL.—Upon appeal from an order refusing a motion to dissolve an attachment on the ground that security was given to plaintiff by defendant, where the evidence is conflicting as to whether any security was given to or received by the plaintiff for the note sued upon, the weight of the evidence will not be considered in passing upon the ruling of the trial court on the motion to dissolve.

ID.—PRESUMED FINDINGS.—It will be presumed upon such appeal, in view of the conflicting evidence, that the court found every fact necessary to support its order that the evidence would justify.

ID.—CONCLUSIVENESS OF IMPLIED FINDINGS.—In so far as the court passed upon the weight of the evidence or the credibility of the witnesses, its findings are conclusive upon this court, which will not disturb the implied findings of fact made by a trial court in sup-

port of its order, any more than it will interfere with the express findings upon which a final judgment is predicated.

APPEAL from an order of the Superior Court of Kern County refusing to dissolve an attachment. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

J. W. P. Laird, Rowen Irwin, and E. L. Foster, for Appellant.

Geo. E. Whitaker, for Respondent.

TAGGART, J.—Appeal from an order refusing to dissolve an attachment.

Plaintiff sued defendant on a promissory note and attached certain property belonging to defendant. The affidavit for the attachment contained the usual clause negativing the holding of any property by mortgage lien or pledge to secure the payment of the note.

Defendant moved the court to dissolve the attachment on the ground that the promissory note sued on was secured by a lien and pledge of personal property made by defendant to plaintiff, and that such property was so held by plaintiff at the time such attachment was issued. In support of his motion defendant introduced his own affidavit to the effect that he had executed a bill of sale of an undivided one-half interest in a quartz mill of a value between $2,500 and $9,000 to secure the payment of the note, and a letter of the date March 23, 1903, signed "H. A. Blodget, President," and purporting to be from plaintiff, wherein it is stated that a bill of sale given by defendant to plaintiff, bearing date August 5, 1898, conveying an undivided one-half interest in a quartz mill (describing it), "was given to secure payment of a certain indebtedness now evidenced by a certain promissory note made by you to the said Kern Valley Bank for the sum of $5,320, bearing date October 2, 1900, (the date and amount of the note sued on); and that the said Kern Valley Bank holds said property as collateral for the payment of said described note."

Plaintiff filed a counter-affidavit by its cashier to the effect that at no time mentioned in its complaint did the plaintiff hold any interest in the property mentioned in defendant's affidavit and does not now; and that plaintiff never received or accepted the same or held or holds the same or any portion thereof as security for the payment of the promissory note which is sued upon herein. It is also denied that any bill of sale of the property was ever made to the plaintiff.

The action was brought July 17, 1907, and the order denying the motion filed September 6, 1907. The theory upon which the appeal is presented by the appellant appears to be that we will consider the weight of the evidence in passing upon the ruling of the trial court on the motion. This we cannot do. The evidence is conflicting and we must presume that the court found every fact necessary to support its order that the evidence would justify. So far as it passed upon the weight of the evidence or credibility of the witnesses, its findings are conclusive upon this court. An appellate court will not disturb the implied findings of fact made by a trial court in support of its order, any more than it will interfere with the express findings upon which a final judgment is predicated.

Order affirmed.

Allen, P. J., and Shaw, J., concurred.