[S. F. No. 5394.  Department One.—April 4, 1911.]

## MARY JANE SHAW, Appellant, v. TOWN OF SEBAS-TOPOL et al., Respondents.

SURFACE WATER—OBSTRUCTION OF FLOW.—The owner of land over which surface water is accustomed to flow may not obstruct such flow to the injury of the owner of the land from which it comes, and the owner of the upper land has not the right to change the flow of the water to the injury of the lower owner.

ID.—MUNICIPAL CORPORATION CANNOT AUGMENT FLOW OF SURFACE WATER.—A municipal corporation has no more right than has an individual to collect surface water and precipitate it upon private premises to the injury of the owner.

ID.—PRESCRIPTIVE RIGHT TO DISCHARGE WATER ON PUBLIC ROAD.—A landowner cannot acquire a prescriptive right to divert from his land water which would naturally flow there, and discharge it upon property, such as a public road, set apart for public use.

ID.—INJUNCTION AGAINST MAINTAINING CULVERT—EVIDENCE—INCREASE OF FLOW NOT SHOWN.—In an action to enjoin a municipal corporation from maintaining a culvert across a public road, on the ground that it caused a large quantity of surface water to be collected and discharged upon the plaintiff's land, the evidence is held sufficient to support the finding that the culvert complained of did not cause more water to flow upon the plaintiff's land than would naturally flow thereon, and that the injunction was properly denied.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order refusing a new trial. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

W. F. Cowan, for Appellant.

L. G. Scott, for Respondents.

SLOSS, J.—The town of Sebastopol, one of the defendants herein, was incorporated as a town of the sixth class in 1902. One of its streets is Petaluma Avenue, which runs southerly from the center of the town to the corporate limits and then continues as a county road in a general southerly direction to the city of Petaluma. Prior to the incorporation of Sebas-

topol, Petaluma Avenue had existed as "Petaluma road" for a period of many years.

The plaintiff is the owner of a tract of land lying on the easterly line of Petaluma Avenue and extending along said avenue, within the town limits, for about eight hundred feet northerly from the southerly boundary of the city. Shortly prior to the commencement of this action Petaluma Avenue was ·improved by a macadam pavement. The plaintiff, contending that the effect of this work, if carried to completion according to the plans made therefor, would cause a large quantity of surface waters to be collected and discharged upon her land, brought this action against the town, its trustees and the contractor who had charge of the work, to obtain an injunction restraining the defendants from maintaining a culvert constructed across the road, or from filling up or closing a trench and conduit by means of which the plaintiff had theretofore diverted water from her land.

The defendants had judgment and from this judgment, as well as from an order denying a motion for new trial, the plaintiff appeals.

There is no substantial difference between the parties regarding the law governing the case. It is the well-settled law of this state that the owner of land over which surface water is accustomed to flow may not obstruct such flow to the injury of the owner of the land from which it comes, and that the owner of the upper land has not the right to change the flow of the water to the injury of the lower owner. (*Ogburn* v. *Connor,* 46 Cal. 346, [13 Am. Rep. 213]; *Cushing* v. *Pires,* 124 Cal. 663, [57 Pac. 572].) A municipal corporation has no more right than has an individual to collect surface water and precipitate it upon private premises to the injury of the owner. (*Stanford* v. *San Francisco,* 111 Cal. 198, [43 Pac. 605].)

If, then, the effect of the repairing of Petaluma Avenue was to alter the natural conditions and discharge upon the land of the plaintiff a larger volume of water than would naturally have flowed there, the plaintiff is in a position to complain of the injury so done and to enjoin its continuance. (We are assuming, in this discussion, that the work was, in effect, done by or for the city.) But while the complaint states a cause of action for an injunction under this theory,

the court has found a state of facts contrary to the plaintiff's allegations. For over twenty years there has been across the road, at a point near plaintiff's house, a culvert which carried the water from the westerly side of the road to the easterly side adjoining plaintiff's premises. In 1904 the Petaluma and Santa Rosa Railway Company, acting under a franchise from the city, constructed an electric railroad along Petaluma Avenue. By agreement with the plaintiff it constructed its road along the easterly line of said avenue instead of the center thereof, encroaching in part upon the land of plaintiff. One of the terms of the agreement between plaintiff and the railway company was that the latter should construct a ditch and conduit from the mouth of the aforesaid culvert northerly along the line of plaintiff's property in order to carry away the water which would go through the culvert. The plaintiff had theretofore maintained a ditch for the same purpose. The work was accordingly done, and the water so crossing from the westerly to the easterly side was carried northerly for a distance of some eight hundred feet and was there discharged, a large quantity thereof flowing on to Petaluma Avenue. In the paving of the street, the west end of the culvert was extended to, and perhaps somewhat beyond, the property line of that side. The defendants were about to fill up or cut through the ditch theretofore constructed by the railroad company along plaintiff's land to permit the water going through the culvert to flow on to plaintiff's land instead of following the course of such ditch.

To the extent of the foregoing statement, the facts are not, in any material degree, disputed. The court, however, made further findings that the changes in the construction of the culvert did not cause it to take or discharge more water than it had theretofore taken and discharged; that the grading and macadamizing of Petaluma Avenue did not change the flow of water on said avenue or the land adjoining the same and did not cause more water at any time to flow over the land of plaintiff than flowed over her land before the said grading and macadamizing was done; that all of the water flowing prior to said grading and macadamizing found its way to said culvert; that the ditch and conduit running along the easterly line of the road northerly from the north of the culvert is in the sidewalk laid between the roadbed

CLIX Cal.—40

of the railroad company and the lands of the plaintiff except a small portion thereof; that there is no ancient waterway or natural watercourse along Petaluma Avenue except through said culvert; that the waterways that have heretofore existed in and along said avenue as claimed by said plaintiff, are temporary and artificial, and that the natural course of all of the water which passes through the culvert in question is on to and across plaintiff's land to a laguna which is a tributary of the Russian River.

If these findings correctly state the facts, the plaintiff clearly has no cause of complaint. The court has found that the culvert takes no more water than would naturally cross the road at the point where the culvert is situated and that all of such water would, in the absence of any obstruction or improvement naturally flow on to and across plaintiff's land in the same course which it will follow if the ditch constructed by the railway company be closed. It is not claimed, nor can it be, that the plaintiff has acquired by prescription any right to divert from her land water which would naturally flow there, and to discharge it upon the public road. Indeed, no such right can be acquired in property set apart for public use. (*People* v. *Kerber,* 152 Cal. 731, [125 Am. St. Rep. 93, 93 Pac. 878]; *Visalia* v. *Jacobs,* 65 Cal. 434, [52 Am. Rep. 303, 4 Pac. 433]; *Cloverdale* v. *Smith,* 128 Cal. 230, [60 Pac. 851]; *Southern Pacific Co.* v. *Hyatt,* 132 Cal. 240, [54 L. R. A. 522, 64 Pac. 272].) The contention on this appeal is that the findings to the effect that the culvert does not discharge more water than naturally flowed on to plaintiff's land are contrary to the evidence. The testimony in the case is quite voluminous and we shall not undertake to state it in detail. There is, no doubt, considerable testimony tending to support the plaintiff's claim that the culvert in question is the only one now remaining to conduct water from the westerly to the easterly line of the road; that originally there were two other points at which, by means of culverts or natural depressions, water crossed the road from the westerly to the easterly side and passed thence on to lands bordering the road south of the mouth of the culvert here in question. There is also ample evidence from which the court might have found that all of the water flowing on the westerly side of the road now finds its way to the culvert in question and that

the volume of water discharged through this culvert is considerably in excess of the flow that naturally came there before the grading or paving was undertaken. But as against this, there is evidence which would support the contrary conclusion. This evidence was evidently believed by the trial court, and with its conclusion in determining the conflict presented to it we cannot interfere. For example, one of the witnesses for defendant testified that there is no more water now coming through the culvert than there ever was, and explained this by the further statement that Green's Hill, which lies to the south of Sebastopol and forms a part of the watershed from which the water ran down upon the road, had now, by grading, been brought "nearer to town," so that the amount of water flowing from the northerly side of said hill was less than it had formerly been. It was shown that the trend of all the land to the west of the road was towards the intake end of the culvert and that, in the absence of any improvement, the great bulk of the water would cross at this place and run through plaintiff's land. There was, also, testimony to the effect that all the culverts and other waterways crossing the street at points south of the culvert of which plaintiff complains had naturally filled with sand and had carried no water for twenty-five years or more, and that during all this time the culvert in question had afforded the only method for carrying water from the west to the east side of the road. All of this testimony, taken together, fully warranted the finding that the work done on the road had not materially increased the flow of water through the culvert. If this be so, the plaintiff is really seeking to divert from her land the waters which would naturally flow thereon and turn them through an artificial channel back upon the road at a point north of her premises. As we have seen, she could not, by so diverting the water for any length of time, gain the right to continue to do so.

The appellant raises no points that are not sufficiently covered by what we have said.

The judgment and the order denying a new trial are affirmed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.