[Civ. No. 57.  Fourth Appellate District.—May 10, 1930.]

AXEL GUSTAFSON, Respondent, v. JAMES C. BYERS, Appellant.

Hamilton & Lindley and Emmett L. Fitzpatrick for Appellant.

P. M. Andrews and Allen E. Rodgers for Respondent.

OWEN, J., *pro tem.*—On the thirteenth day of May, 1926, the defendant, as sheriff of San Diego County, attached a Buick automobile as the property of one Lillian L. Elphick. On the fifteenth day of May, 1926, the plaintiff herein filed with the defendant a third party claim, alleging his ownership of the attached property. On the 26th of the month judgment was entered against Lillian L. Elphick, and an execution on the judgment was duly issued on the 29th of said month. Pursuant to the execution, and after due and legal notice, the sheriff sold the said automobile on the eighth day of June, 1926, and immediately parted with its custody.

On July 1, 1926, the plaintiff instituted this action against the defendant, said sheriff, for the sum of $850, the alleged value of the automobile, and the sum of $500 for the loss of its use.

After denying the allegation of the complaint, the defendant as a further defense alleges that Lillian L. Elphick had transferred the said automobile to the plaintiff herein, without any consideration; that the transfer was without immediate delivery, and was not accompanied by an actual or continued change of possession, and that the attempted sale was fraudulent as to creditors.

The court found that on April 17, 1926, while she was the owner and in possession and control of the automobile, Lillian L. Elphick had sold it to the plaintiff for a valuable consideration; that after the sale and delivery thereof there was an actual and continued change of possession, and that plaintiff thereupon. became the lawful owner. The court further found that the defendant seized the automobile without right or authority of law, and that the allegations of his answer were untrue. Judgment followed for the plaintiff in the sum of $1350.

On appeal the defendant urges his demurrer to the complaint, attacks the court's findings as to the immediate delivery to plaintiff from Elphick of the automobile, and its actual and continued change of possession. He also excepts to the award for loss of use, and raises the question of the correct measure of damage.

(1) The court's finding that there was a valuable consideration for the sale, followed by an immediate and actual delivery, and accompanied by a continued and actual change of possession, is substantially borne out by a reading of the transcript. We will not disturb that finding. (2 Cal. Jur., p. 919; *Bancroft-Whitney Co.* v. *McHugh,* 166 Cal. 140 [134 Pac. 1157]; *Kern Valley Bank* v. *Koehn,* 10 Cal. App. 679 [103 Pac. 173]; *Davies* v. *Angelo,* 8 Cal. App. 305 [96 Pac. 909]; *Thom* v. *Stewart,* 162 Cal. 413 [122 Pac. 1069]; *Stockton Combined Harvester etc. Wks.* v. *Glens Falls Ins. Co.,* 121 Cal. 167 [53 Pac. 565].)

(2) While the plaintiff may well have set out with more particularity his statement of damage for the detention of the automobile, it must be said that his allegation is neither ambiguous nor uncertain. An allegation in effect that the defendant unlawfully withholds and detains an automobile from the possession of the plaintiff to his damage in the sum of $500 for the detention thereof, all other facts essential to a cause of action being stated, is sufficient as against a general demurrer. A general demurrer ''does not reach mere defects in allegations, defects in matter of form, as that essential facts appear only inferentially, or as conclusions of law, or by way of recital.'' (21 Cal. Jur., p. 109.) Defendant proceeded to trial without urging his demurrer, or making any objection to the admission of evidence. Had such an objection been made, the trial court

could have permitted an amendment curing the defect if there be a defect, but in this instance there is not a total absence of allegations essential to a statement of a cause of action. (2 Cal. Jur. 242.)

■ (3) The correct measure of damage for the detention of personal property when wrongfully converted is the value of the property at the time of conversion, with interest from that time. (Civ. Code, sec. 3336.) But where "the property has a usable value which exceeds the lawful rate of interest, the successful party is entitled to recover as damages for the detention, the reasonable value of such use." (5 Cal. Jur. 208; 8 Cal. Jur. 800; *Morneault* v. *National Surety Co.*, 37 Cal. App. 285-287 [174 Pac. 81].)

■ In the instant case the court found upon competent testimony that the plaintiff had been damaged by being deprived of its use while the automobile was wrongfully detained, in the sum of $500. We believe the correct measure of damage was used by the trial court in reaching his judgment.

The judgment is affirmed.

Barnard, Acting P. J., and Marks, J., concurred.