[Civ. No. 19487.   First Dist., Div. One.   Nov. 28, 1960.]

THELMA CATHERINE MEARS, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; JOSEPH ASHER MEARS, Real Party in Interest.

William Scammon for Petitioner.

*Assigned by Chairman of Judicial Council.

No appearance for Respondent.

Machado, Feeley & Machado and John H. Machado for Respondent and Real Party in Interest.

DUNIWAY, J.—In this matter we issued alternative writs of mandate and of prohibition, under the authority of *Oldfield* v. *Superior Court*, 217 Cal. 581 [20 P.2d 671], because it appeared from the petition that the court below, in the retrial of the case of *Mears* v. *Mears*, was not following the mandate of this court as announced in our decision reported in 180 Cal.App.2d 484 [4 Cal.Rptr. 618]. As appears from that decision, the appeal was from certain portions of the judgment providing for the disposition of property found to be community property. Our opinion concludes: "The judgment is reversed as to the portions of the interlocutory decree of divorce appealed from and the cause is remanded for a new trial upon the issues relating thereto, with directions upon said retrial to take evidence as to the value of the community property awarded in the decree from which an appeal was not taken in order that proper credit be given to the respective spouses in making an equal division thereof." (P. 510.)

The reversal of a judgment (or of a part of a judgment, as to that part) "remands the cause for a new trial [citation], and places the parties in the trial court in the same position as if the cause had never been tried, with the exception that the opinion of the court on appeal must be followed so far as applicable." (*Central Sav. Bank of Oakland* v. *Lake*, 201 Cal. 438, 443 [257 P. 521]; see also *Atchison etc. Ry. Co.* v. *Superior Court*, 12 Cal.2d 549, 555 [86 P.2d 85]; *De Hart* v. *Allen*, 26 Cal.2d 829, 833 [161 P.2d 453]; *Steen* v. *City of Los Angeles*, 31 Cal.2d 542, 547 [190 P.2d 937].)

Here, we expressly provided for a new trial as to the parts of the judgment from which the appeal was taken, thereby setting those issues at large; our only direction related to the parts not appealed from. (*Cf. Blache* v. *Blache*, 37 Cal.2d 531, 538 [233 P.2d 547].)

We should not attempt to control the court's proceedings by extraordinary writs unless it is clear that it is going beyond the authority that it has under our judgment. From the rather meager information presented to us by the petition and the return, we cannot determine whether the court has attempted to do more than our judgment permits.

Accordingly, the alternative writs are discharged and the petition is denied.

Bray, P. J., and Molinari, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.