[Civ. No. 20034. First Dist., Div. One. Mar. 16, 1962.]

THELMA CATHERINE MEARS, Plaintiff and Appellant, v. JOSEPH ASHER MEARS, Defendant and Respondent.

William J. Scammon for Plaintiff and Appellant.

Machado, Feeley & Machado and John H. Machado for Defendant and Respondent.

BRAY, P. J.—Plaintiff and cross-defendant Thelma Catherine Mears appeals from certain portions of the judgment entered on the retrial of issues concerning the property of the parties.

## QUESTIONS PRESENTED

1. Did the trial court exceed its jurisdiction?

2. Should payment on the community home debt have been considered?

3. Are defendant's earnings since the interlocutory decree community property?

4. What is a proper method of determining values?

5. Are the conclusions of law and judgment inconsistent?

### RECORD

This is a continuation of a bitterly contested conflict concerning the property of the parties, the value of which property hardly justifies the extensiveness of the litigation. August 27, 1958, an interlocutory decree of divorce was entered, which granted a divorce to each of the parties, and made awards of the community property. Plaintiff appealed from certain portions of that decree. (*Mears* v. *Mears* (1960) 180 Cal.App.2d 484 [4 Cal.Rptr. 618].) This court made the following determination (p. 510): "The judgment is reversed as to the portions of the interlocutory decree of divorce appealed from and the cause is remanded for a new trial upon the issues relating thereto, with directions upon said retrial to take evidence as to the value of the community property awarded in the decree from which an appeal was not taken in order that proper credit be given to the respective spouses in making an equal division thereof."[1]

1. *The Trial Court Did Not Exceed Its Jurisdiction.*

Plaintiff's main contention is the same that we answered in 186 Cal.App.2d 770, footnote, *supra.* She contends that our mandate on the first appeal did not empower the trial court to try the issue as to *all* the portions of the judgment from which the appeal had been taken. In 186 Cal.App.2d at page 771, we said, referring to our opinion on the appeal, "Here, we expressly provided for a new trial *as to the parts of the judgment from which the appeal was taken,* thereby *setting those issues at large*; our only direction related to the parts not appealed from." (Emphasis added.)

Thus, we are required now to determine whether the parts of the judgment now appealed from deal with matters which were included in the parts of the interlocutory decree heretofore appealed from and the correctness of the determination of the trial court thereon.

---

[1]Subsequently and on two separate occasions plaintiff petitioned this court for writs of mandate and of prohibition, contending that the trial court was not following the mandate of this court. An alternative writ was issued upon the first petition but discharged and a peremptory writ denied in *Mears* v. *Superior Court* (1960) 186 Cal.App.2d 770 [9 Cal.Rptr. 113]. The second petition was denied *in toto.*

Plaintiff points to three matters which she contends were finally determined on the other appeal: (a) $200 borrowed by defendant from plaintiff's separate estate. While in our former opinion we stated that this was a loan from the wife's separate property and should come from the husband's separate estate or in the division of the community property be a charge thereon, the trial court's findings prepared by plaintiff state that by stipulation of the parties, the $200 was ''declared a community obligation and heretofore has been discharged from community assets. . . .'' The parties, of course, could stipulate to change any finding we theretofore made.

(b) Fifteen shares of Varian Associates stock. On the first trial the court determined that this stock was community property, despite the evidence that 31 per cent of this stock was community property while the balance was purchased from her separate funds. We stated that the court should have allocated to separate and community property the respective percentages of the contributions to the purchase price. However, this matter was one of the issues on that appeal which we said in 186 Cal.App.2d 771 were set at large to be retried. Upon the retrial the court found that the stock was owned by the parties in joint tenancy. Plaintiff makes no contention that the evidence on retrial does not support the court's finding. Therefore the finding must stand.

(c) The Mears Paint business. Our former opinion upheld the finding of the trial court that it was community property. No finding was made as to the value of the business. The trial court had awarded the business to defendant. The determination and award were not included in the portions of the judgment from which the former appeal was taken, although in her brief on that appeal plaintiff considered that she should receive one-half of the business. The only issue to be decided at the retrial was the value of the business which the court found to be $2,279.70 as of August 1958, the date of the interlocutory decree. As the record of the retrial is not before us we must assume that there was evidence to support the finding. The mere fact that a year later the business was sold for a gross sum of approximately $1,200 more is not a showing that the court's finding was incorrect. According to his income tax report, defendant received only a profit of $469.98 from the sale of the business.

Plaintiff did not appeal from the award in the interlocutory decree of the paint business to defendant. This award

then became final. The fact that under our former opinion the trial court was to determine the value of the business, did not alter the award to defendant. Such determination was only necessary to divide the cash resulting from the sale of certain community property. Any profit defendant made from the sale of the business thereafter would not be community property.

## 2. *Home Debt.*

 Plaintiff contends that as, obviously, matters arising subsequently to the appeal from the interlocutory decree could not have been included in that appeal and as we ordered a retrial only of those matters which had been included in the appeal, these later matters were beyond the jurisdiction of the trial court. However, equity has broad powers and we can see no reason why the trial court should not settle financial issues concerning the community home arising between the time of the interlocutory decree and the retrial. Unlike the paint business, the home was not awarded in the interlocutory decree to either party, but was to be sold and the proceeds to be used to adjust the distribution between the parties.

The court found that since the entry of that decree defendant had expended $192 of his separate funds on account of an indebtedness owed by the parties on the family residence, which had been found to be community property in the interlocutory decree, and ordered that defendant was entitled to be paid by plaintiff one-half thereof, or $96. We see no error in the action of the court bringing the financial situation of the home up to the date of the retrial.

## 3. *Defendant's Earnings.*

Section 169.2, added to the Civil Code in 1959 (Stats. 1959, ch. 1469, § 1, p. 3767) and in effect September 18, 1959, provides that after the rendition of an interlocutory judgment of divorce and while the parties are living separate and apart, ''the earnings and accumulations of the husband are the separate property of the husband.'' Prior to that time it was the rule that under such circumstances the husband's earnings were community property. (4 Witkin, Summary of California Law, p. 2722.)

Defendant's income tax report for the year 1958 showed a profit from the business of $1,657.97. Whatever portion of this sum was earned prior to August 27, 1958, presumably was considered by the court in the awards then made in that decree. There is no evidence as to what portion of this sum was

earned subsequently to the divorce. His income tax report for 1959 showed earnings from the business of $670.31. The issue of what proportion of defendant's earnings subsequent to the divorce was due to his ownership of the business as his separate property and what to his own ability, initiative and industry was not presented to the court. (Only the result of his own efforts would be community property. (*Mears* v. *Mears, supra,* 180 Cal.App.2d 488, 506.)) The 1959 tax return also shows defendant's earnings from employment other than the paint business. But the evidence shows that defendant became employed only a few days before September 18, 1959, the date section 169.2, Civil Code, became effective. There is no evidence as to how much he then earned. After that date, his earnings were his separate property.

Apparently the court was not requested to make any finding as to what portion of the earnings from the business were due to defendant's personal efforts and hence were community property or what portion was merged in the interlocutory decree. Hence the court was in no position to, and did not, make any award to plaintiff of such earnings.

Defendant testified at the retrial that he had expended the whole of these two sums for his living expenses. As we do not have any record before us we must presume that the court's finding to the effect that there were *"no accumulations* of community property by way of net profits . . . or by way of defendant's earnings . . ."* (emphasis added) which was correct as of the date of the findings, met the only issue presented to the court thereon.

### 4. *Values.*

Plaintiff contends that in valuing the Buick awarded plaintiff the court used a different measure than it used in evaluating the Studebaker awarded defendant. No record of the evidence before the trial court is before us. Therefore it must be presumed that the evidence supports the order. (See *Helvey* v. *Security-First Nat. Bank* (1950) 99 Cal.App.2d 149, 151 [221 P.2d 257]; *Van Cise* v. *Lencioni* (1951) 106 Cal.App.2d 341 [235 P.2d 236].) For support of her contention plaintiff refers us to her petition in one of the applications for writ of mandate or prohibition. That is not a substitute for the record before the trial court, particularly as that petition makes no reference to any record. "[I]t is still incumbent on an appellant to present a transcript which

affirmatively shows on its face that an error occurred." (*Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 807 [241 P.2d 639].)

*5. Findings, Conclusions and Judgment.*

Plaintiff's claim of inconsistency between these three plus the claim of the failure of the judgment to give her all she asks is based upon her contention that she is entitled to a share of the net profit from the sale of the business and to a share of defendant's earnings after the interlocutory decree. We have hereinbefore pointed out that she is not entitled to either. Plaintiff contends that the award of $450 to her in finding XII was not carried into the judgment. We are satisfied that in the final division between the parties of the sale price of the house, the $450 was credited to plaintiff.

It is true that the trial court did not include in the judgment the costs awarded plaintiff on the former appeal. However, plaintiff filed a cost bill thereon, and is entitled to a separate judgment therefor.

The portions of the judgment appealed from are affirmed.

Tobriner, J., and Sullivan, J., concurred.

A petition for a rehearing was denied April 3, 1962, and appellant's petition for a hearing by the Supreme Court was denied May 9, 1962.