[Civ. No. 22296.   First Dist., Div. Three.   Oct. 13, 1965.]

JOHN GERALD VIDES, Plaintiff and Appellant, v. MAXINE E. VIDES, Defendant and Respondent.

MAXINE E. VIDES, Plaintiff and Respondent, v. JOHN GERALD VIDES, Defendant and Appellant.

(Consolidated Cases.)

R. Edward Burton for Appellant.

Molly H. Minudri for Respondent.

DRAPER, P. J.— This is the second appeal in this divorce action. After the parties separated, husband refused to make payments due upon notes secured by deeds of trust upon their home, which was community property. The wife made these payments from her current earnings. Interlocutory decree directed sale of the home and equal division of the net proceeds, but refused to credit the wife with payments she had made to preserve this community asset. On the wife's appeal, we modified the interlocutory decree "to provide that from the net proceeds of sale of the home the wife shall first be reimbursed for installments paid, before

entry of interlocutory decree, from her separate property upon the two deeds of trust, the proceeds then remaining to be divided equally between the spouses.'' In all other respects, the judgment was affirmed.

Wife then sought, in the trial court, credit for $941.50 paid by her on the deeds of trust after interlocutory decree but before sale of the property. Husband conceded the amount paid, but denied wife's right to reimbursement for any of it. The court ordered reimbursement of these post-interlocutory payments to wife ''from the proceeds of the community property of the parties . . . (if) sufficient,'' and also directed that, ''[t]o the extent that the proceeds of the community property may be insufficient to pay said sum . . . husband . . . is hereby ordered to pay one-half of said deficiency from his separate property to . . . wife.'' Husband appeals.

Our earlier opinion pointed out that the wife's payments before interlocutory decree increased and preserved the community equity in the property. To refuse the wife repayment from the proceeds of the asset she had preserved and enhanced would be unfair to her, and would give an undeserved windfall to the husband who had refused to accept the burden of payment. On that appeal, we had before us no events occurring after entry of interlocutory decree. The principle, however, seems equally applicable to subsequent payments. Under its broad equity powers, the trial court properly settled the issue concerning these payments after interlocutory decree (*Mears* v. *Mears,* 201 Cal.App.2d 408, 412 [20 Cal.Rptr. 214]).

What we have said, however, applies only to reimbursement of the wife from the net proceeds of sale of the property she preserved. If what was preserved were of less value than the cost of preservation, the husband's refusal to pay would be vindicated, and the core element of our earlier decision removed. Moreover, the lack of husband's consent to the payment or agreement to repay could, in the resultant absence of an asset to be preserved, raise the problem discussed in cases of payment of ordinary community debts. (*Blackburn* v. *Blackburn,* 160 Cal.App.2d 301 [324 P.2d 971]; *Thomson* v. *Thomson,* 81 Cal.App. 678 [254 P. 644]; both cited in our earlier opinion.)

Paragraph 3 of the final decree is modified to read: ''That defendant wife, Maxine E. Vides, be reimbursed in the sum of $941.50 from the proceeds of sale of the home located at 1367 31st Avenue, San Francisco, to the extent that the proceeds of such sale are sufficient to do so. Any portion of such net proceeds remaining after such reimbursement, together

with other proceeds of community property, shall then be distributed as provided in the interlocutory decree.''

As so modified, the final decree is affirmed. Each party to bear his own costs on appeal.

Salsman, J., and Devine, J., concurred.