Filed 1/3/14  Popa v. Popescu CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| PETRE POPA,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VIRGIL POPESCU,<br><br>    Defendant and Appellant. | D063511<br><br><br><br>(Super. Ct. No. 37-2012-00070512-CU-HR-EC) |

APPEAL from an order of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Affirmed.

Virgil Popescu, in pro. per., for Defendant and Appellant.

Petre Popa, in pro. per., for Plaintiff and Respondent.

Virgil Popescu, in propria persona, appeals from a civil harassment restraining order against him.  He contends the trial court erred by: (1) granting Petre Popa's request for a continuance of the permanent restraining order hearing and failing to dissolve the temporary restraining order against him at that time; (2) considering certain documents filed by Popa; (3) issuing a restraining order based on letters and postcards he wrote to

Popa and others; and (4) issuing a restraining order without evidence of harassment, unlawful violence, credible threats of violence or stalking. We reject Popescu's arguments and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Popa and Popescu are both Romanian and have known each other since 2011. Their friendly relationship eventually deteriorated, and they accused each other of violent and threatening behavior.

In December 2012, Popa requested a restraining order against Popescu. The trial court issued a temporary restraining order requiring Popescu to stay away from Popa and to not harass or otherwise contact Popa. At that time, the trial court set the hearing on the permanent restraining order for January 9, 2013. Popescu also sought a restraining order against Popa.

Before the hearing on the requests for restraining orders, Popa and Popescu filed various documents with the court. The documents Popa filed included a letter to the judge hearing the matter, a document that Popa described as "The Purpose of Filing a Request for Restraining Order Declaration," copies of verdict forms from an unrelated criminal case against Popescu, various letters, postcards and writings allegedly by Popescu, and a letter from the shop owner who introduced Popa and Popescu.

The hearing on the requests for restraining orders took place on February 1, 2013. The record does not indicate the reason that the hearing was continued from January 9, 2013. At the conclusion of the hearing, the trial court issued mutual civil harassment restraining orders against Popa and Popescu.

2

DISCUSSION

## I. *Continued Hearing*

Popescu argues the trial court erred by granting Popa's request for a continuance of the permanent restraining order hearing and failing to dissolve the temporary restraining order against him at that time.

"Within 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary restraining order is granted or denied, a hearing shall be held on the petition for the injunction [prohibiting harassment]." (Code Civ. Proc., § 527.6, subd. (g).) "When the matter first comes up for hearing, if the party who obtained the temporary restraining order is not ready to proceed, . . . the court shall dissolve the temporary restraining order." (Code Civ. Proc., § 527, subd. (d)(3).) "A motion for continuance is addressed to the sound discretion of the trial court." (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1395.)

Here, the trial court originally set the hearing on the civil harassment restraining order for January 9, 2013. The hearing was not held until February 1, 2013. Popescu contends the trial court should not have granted Popa's request to continue the hearing; however, Popescu cannot establish that the trial court abused its discretion in granting a continuance. He did not provide us with a reporter's transcript and there is no indication in the available record regarding the trial court's reasons for the continuance. Further, the basis for Popa's request is not in the record before us. In the absence of the reporter's transcript showing the basis for a continuance and the trial court's reasons for granting the request, all presumptions and inferences must be drawn in support of the trial court's

3

decision. (*Mears v. Mears* (1962) 201 Cal.App.2d 408, 413.) Accordingly, we discern no abuse of discretion.

Lastly, we note that Popescu's argument concerning the temporary restraining order is not proper for appeal because he did not identify that order in his notice of appeal. (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43.) Moreover, an appeal from the temporary restraining order would be moot because the order was necessarily dissolved when the court issued the three-year civil harassment restraining order.

## II. *Evidentiary Issues*

Popescu's remaining contentions relate to the court's consideration of certain evidence and the sufficiency of the evidence to support the restraining order against him. Specifically, he contends the court erred by considering the documents filed by Popa, issuing a restraining order based on letters and postcards he wrote to Popa and others, and issuing a restraining order without evidence of harassment, unlawful violence, credible threats of violence or stalking.

In resolving Popescu's contentions, we apply settled principles of appellate review. Specifically, "it is settled that: '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the

4

appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

The record before us reflects that the trial court considered oral testimony from Popa and Popescu, but it is unclear as to what documentary evidence, if any, the court considered in issuing its orders. Further, the record does not reflect what evidence the court relied upon for its findings. As we previously noted, Popescu failed to provide a reporter's transcript of the proceedings in the trial court. These deficiencies prevent us from evaluating his arguments on appeal. Thus, we must presume the evidence supported the trial court's order. (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error."].)

We are sympathetic to the difficulties of litigants who elect or are forced to represent themselves in litigation. However, " '[w]hen a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys. . . . Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney.' " (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.) Applying these standards, we are compelled to affirm the trial court's order as Popescu has not affirmatively shown any error.

5

## DISPOSITION

The order is affirmed.  Respondent is awarded costs on appeal.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.