Filed 1/5/16  Baize v. Superior Court CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| DEBBIE BAIZE,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>  Defendant and Respondent. | D067884<br><br><br>(Super. Ct. No. 37-2015-00011090-CU-HR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Tamila E. Ipema, Judge.  Affirmed.

Debbie Baize, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Debbie Baize sought a civil harassment restraining order against her apartment manager, Johnson Numan, and his 12-year-old son, Tanner Numan.  The trial court denied the restraining order because it had denied Baize's application for a restraining order based on the same facts the day before.  Baize appeals, in propria persona, from the trial court's second order denying her request for a restraining order.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On April 1, 2015, Baize requested a restraining order against the Numans, which the trial court denied. The next day, Baize again sought a restraining order against the Numans. Baize alleged that Johnson made her feel uncomfortable by asking questions regarding her daily plans, Tanner once followed her to a store and told Johnson lies about Baize, Johnson paid another tenant to attack Baize, and Johnson attacked her while she was on her way to the restroom. Baize stated that as a result of the harassment, she feared for her life.

In her second application for a restraining order, Baize noted that Johnson had obtained a temporary restraining order against her. She further noted that the trial court had denied her request for a restraining order against the Numans a day earlier. Baize explained that she "was not able to say everything [she] wanted to say at the hearing yesterday, that is why I am now applying for another restraining order today."

The trial court denied Baize's second restraining order request, stating "[t]he Court has already ruled on this case on 4-1-2015 (yesterday). This case is res judicata which means it was dismissed with prejudice after the judge heard all the facts. [Baize] cannot bring another complaint based on the same facts. If there are any future incidents, [Baize] may return and file another request."

DISCUSSION

I. *Notice of Appeal*

To be sufficient, the notice of appeal must "identif[y] the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).) Notices of appeal are

2

liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from and so long as the respondent could not possibly have been misled or prejudiced. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 59; *D'Avola v. Anderson* (1996) 47 Cal.App.4th 358, 361.) In the absence of a sufficient notice of appeal, there is no appellate jurisdiction. (See *Beets v. Chart* (1889) 79 Cal. 185; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 47.)

Here, Baize makes largely indiscernible arguments regarding testimony presented and proceedings in the trial court. It is unclear whether that testimony and those proceedings were in conjunction with Baize's first or second request for a restraining order; however, we presume Baize's arguments relate to the first proceeding as they concern issues other than the trial court's res judicata finding. Baize did not appeal from the first order denying her request for a restraining order. However, even if we construe Baize's notice of appeal as identifying the first order denying her request for a restraining order, her appeal fails as she has not shown error.

## II. *Baize Failed to Meet Her Burden to Show Error*

"[I]t is settled that: '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults

3

and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Baize did not provide us with a reporter's transcript of any proceedings in the trial court. In the absence of a reporter's transcript, all presumptions and inferences must be drawn in support of the trial court's decision. (*Mears v. Mears* (1962) 201 Cal.App.2d 408, 413; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be conclusively presumed correct as to all evidentiary matters. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error" (italics omitted)].) Accordingly, Baize failed to meet her burden to show error.

### III. *Adequacy of Baize's Brief*

Baize filed an opening brief consisting of a short one-page outline of her arguments, which are nearly impossible to ascertain, followed by several pages which appear to be photocopies of pages from various treatises. Baize did not elaborate on her arguments or cite to facts or authority supporting her arguments. (See California Rules of Court, Rule 8.204(a).) Based on Baize's brief and the record before us, we are unable to discern or evaluate her arguments. (See *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 ["An appellate court is not required to examine undeveloped claims, nor to make arguments for parties."]; *People v. Stanley* (1995) 10 Cal.4th 764, 793 [appellate court's role is to evaluate legal argument with citation of authorities on the points made].)

4

Baize's deficient briefing, combined with the inadequate record, compel us to conclude she has forfeited any cognizable appellate contentions.  In reaching our conclusion, we are mindful that Baize represents herself on appeal.  However, her status as a party appearing in propria persona does not provide a basis for preferential consideration.  "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys.'  [Citation.]  Indeed, ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." ' "  (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1; *Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.)

### DISPOSTION

The order is affirmed.  Respondent is awarded costs on appeal.

McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.

5