[Civ. No. 10228. Second Appellate District, Division One.—June 25, 1935.]

INA B. TOBY et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Samuel J. Crawford and Marshall Hickson for Petitioners.

Crail, Shutt, Crail & Crail for Respondents.

YORK, J.—The petitioners, who are the children by a former marriage of the predeceased spouse of decedent Levi H.

Blouch, by their verified petition seek to determine by writ of review the legality (1) of an order of respondent court vacating an order settling final account, and (2) of an order setting aside a decree of distribution in the matter of estate of Levi H. Blouch, deceased.

It appears from the record before us that the estate of decedent Levi H. Blouch consisted of cash, being proceeds from a life insurance policy, and that by the provisions of the last will of said decedent, the whole estate was devised to C. Belle Blouch, his wife, who had predeceased him, dying intestate. It also appears that decedent Levi H. Blouch left no children surviving him, but that his predeceased wife left surviving her G. Harry Brown, Claude L. Brown, Marjorie R. Betts and Ina B. Toby, sons and daughters, and that said estate having been the community property of deceased and his predeceased spouse, it was distributed in equal shares to the sons and daughters of C. Belle Blouch, the predeceased spouse, pursuant to provisions of section 228 of the Probate Code. Decree of distribution was entered on November 21, 1934.

Under date of January 11, 1935, Frank Blouch and Mervil Blouch McLees, brothers of deceased Levi H. Blouch, moved under section 473 of the Code of Civil Procedure, to set aside the order settling final account and decree of distribution and the order allowing extraordinary attorney fees, alleging in their motion that they were nonresidents of the state of California and had "received no notice of the commencement of proceedings in said estate". Accompanying the motion is a document entitled "Objections to Petition for settlement of final account and for distribution and for allowance of extraordinary attorney fees".

The motion came on for hearing before Clemmence Brown, purportedly acting as a judge *pro tempore,* under date of January 17, 1935, whereupon the following order was made by her:

"Upon motion herein of Frank Blouch and Mervil B. McLees to vacate order of Nov. 21, 1934, settling final account and decree of distribution and order allowing extraordinary attorney fees in the above entitled matter, coming on the 17th day of January, 1935, for hearing by the Court, notice thereof having been given, and on the proof adduced and good cause

appearing therefor, it is Ordered, Adjudged and Decreed by the Court that the said orders dated Nov. 21, 1934, be and are hereby set aside, annulled and vacated; and the petition for settlement of final account and for distribution are hereby reset for February 7, 1935.''

■ In this proceeding the petitioners attack this order as being in excess of and without the jurisdiction of the court and set out various reasons why it should be annulled. The main point raised by petitioners tending to show that the court acted in excess of its jurisdiction is:

That the Honorable Clemmence Brown, acting as judge *pro tempore,* was not a duly authorized, elected or qualified judge of respondent court, but that she derived her power to act purely from the stipulation entered into between the attorney for the estate representing the estate and administratrix only, and the attorney for the moving parties, and that the remainder of the petitioners herein did not consent by any stipulation or agreement in writing, or otherwise, or at all, that the said Clemmence Brown should act as judge *pro tempore* and decide any issue or matters of fact as pertaining to them.

As to the authority of the judge *pro tempore,* it appears, as the record before us shows, that the judge *pro tempore,* who vacated the order settling final account and set aside the decree of distribution, was not authorized to sit as a judge *pro tempore* in the cause, for the reason that the stipulation appointing her was not signed by all of the parties in interest, in that the distributees under said decree of distribution had not consented to the appointment of the particular judge *pro tempore* to try and hear the matter which was determined by her. Section 5, article VI, of the Constitution, reads: ''Upon stipulation of the parties litigant or their attorneys of record a cause in the superior court . . . may be tried by a judge *pro tempore* who must be a member of the bar sworn to try the cause, and who shall be empowered to act in such capacity in the cause tried before him until the final determination thereof.'' The attorney signing the stipulation as ''attorney for estate'' was attorney only for the administratrix of the estate, and never for the distributees. As the distributees were the real parties in interest, the appointment of such judge *pro tempore* was void because of their failure to con-

sent to the appointment, and the acts of such judge *pro tempore* were and each of them was void.

The order vacating the order settling final account and setting aside the decree of distribution is annulled.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.