[Civ. No. 17307.  Second Dist., Div. Two.  June 23, 1950.]

MARGUERITE C. SHELLHAAS et al., Respondents, v.
PETROLANE, LTD., et al., Appellants.

Betts, Ely & Loomis for Appellants.

A. J. O'Connor, George J. Hider, Birger Tinglof for Respondents.

WILSON, J.—This action was brought to recover damages for personal injuries alleged to have been suffered by plaintiffs in a collision between an automobile in which they were riding, driven by one Elsie Kay, and a truck owned by defendant Petrolane, Ltd., and driven by their employee, defendant Maxwell, in the course of his employment. The case was tried by a jury which rendered a verdict in favor of defendants and judgment was entered on the verdict. Plaintiffs' motion for a new trial was made upon all the statutory grounds (Code Civ. Proc., § 657) and, as shown by the minute order and by the written order signed by the trial judge, was granted on the grounds of insufficiency of the evidence to sustain the verdict and judgment, newly discovered evidence, and accident and surprise which ordinary prudence could not have guarded against. Defendants have appealed from the order granting a new trial.

By reason of the unusual proceedings to be discussed which occurred after the death of the trial judge and after the clerk had prepared and certified the transcript on appeal, this court, pursuant to rule 12 of the Rules on Appeal (22 Cal.2d 11), ordered the original files relating to the motion for a new trial and to the purported "correction" of the transcript, including the notices of motions and affidavits used in connection therewith, to be transmitted to this court and to be made a part of the record on appeal.

It appears that the motion for a new trial came on for hearing on May 9, 1949, before Judge Burnell, who had tried the case. On that date the following minute order was made which was entered on May 13: "Come now the parties by their respective counsel, A. J. O'Connor for the plaintiffs and Walter Ely for the defendants, and the plaintiffs move the court for a new trial herein, upon the grounds stated in the notice of intention to move for a new trial, filed herein. After argument by counsel, the said motion is by the court granted on the grounds of insufficiency of the evidence to sustain the verdict or judgment, accident, surprise and newly discovered evidence."

On May 16 Judge Burnell signed and filed an order which was entered on May 24, reciting that the motion for a new trial came on for hearing, that the parties, plaintiffs and defendants, were present by their respective attorneys, naming them, and "It is hereby ordered, adjudged and decreed and the same [the motion] be and is hereby granted on the grounds of the insufficiency of the evidence to support the verdict and judgment and upon the grounds of newly discovered evidence and accident and surprise which ordinary prudence could not have guarded against."

On May 31 defendants filed their notice of appeal to this court.

On August 15 defendants filed a request for correction of clerk's and reporter's transcripts. On the following day the clerk of the superior court, apparently having overlooked the request for correction, certified the transcript to be full, true and correct. Thus the transcript of the orders made by Judge Burnell reflected accurately the minute order entered by the clerk and the formal order signed and filed by the judge.

But defendants being dissatisfied with a true picture of the record made by the trial judge filed an application after the latter's death to have it corrected. Such application and the hearing thereon occurred more than four months after the appeal had been lodged in this court. The contents of such application and action taken appear in the original files which we ordered to be made a part of the record on appeal. Such files disclose that the hearing on the application was referred to Judge Hanson for decision.

Under date of October 5, 1949, a minute order was made by Judge Hanson purporting to order the "correction" of the transcript on appeal, which reads as follows: "Request for correction of transcript comes on for hearing; Birger Tinglof and A. J. O'Connor by A. J. O'Connor appearing as counsel for plaintiffs; Betts, Ely & Loomis by Forrest Betts appearing for defendants. Request is granted."

The particulars in which the transcript was ordered to be changed are not made to appear in the order. Two changes were made in the clerk's transcript: (1) In the transcript of the minute order of May 9, 1949, above quoted, granting a new trial, the words "accident, surprise and newly discovered evidence" are deleted and the following inserted in lieu thereof: "newly discovered evidence and the fact that defendants' counsel has won too many law suits in this court." The result

of this change is that the grounds now appearing in the transcript are: "insufficiency of the evidence to sustain the verdict or judgment, newly discovered evidence and the fact that defendants' counsel has won too many law suits in this court." In the margin of the transcript appears the legend "Deleted per Minute Order of October 5, 1949. S. M." (2) A like deletion and insertion were made in the transcript of the written order signed by Judge Burnell on May 16, 1949, and a similar legend is in the margin of the transcript.

Accompanying the request for correction of the transcript is an affidavit of one of defendants' counsel to the effect that at the hearing of the motion for a new trial Judge Burnell said: "I am granting this motion for new trial upon three grounds: one, insufficiency of the evidence; two, newly discovered evidence; three, Mr. Ely has won too many lawsuits in this Court"; that affiant then requested the court to place his ruling on the last two grounds "so that at least my clients will have a fair chance to upset this ruling which we believe to be erroneous"; that the judge replied, "Well, of course, the last ground is not a legal ground." Mr. Kelly, an attorney not connected with this case, who was waiting in the courtroom to begin the trial of another action and who heard the proceedings on the motion for new trial, made an affidavit that the judge's reply was thus: "The last ground is not a legal ground, and I am going to grant this motion on the ground of the insufficiency of the evidence," and that the judge's statement was made "in fun" and not in a malicious way.

No motion appears in the transcript, and none is in the original files of the superior court, to amend either the minute order or Judge Burnell's signed order granting a new trial. In the absence of an amendment of the orders there could be no valid change in or amendment of the transcript of such orders. ▆ If the minutes of the trial court do not speak the absolute truth the remedy is by motion in that court to amend them. (*Halpern* v. *Superior Court,* 190 Cal. 384, 38ʄ [212 P. 916].) ▆ The minutes import absolute verity unless and until amended. (*Govea* v. *Superior Court,* 26 Cal. App.2d 27, 31-2 [78 P.2d 433]; *Halpern* v. *Superior Court supra; In re Connor,* 16 Cal.2d 701, 708 [108 P.2d 10]; 1ʲ C.J. 979, § 404; 21 C.J.S. 442, § 237.) ▆ No proof admissible to show facts contrary to those which appear the records and minutes of judicial proceedings.

The transcript on appeal must be a true and precise co of the proceedings in the trial court. If it is not a true cop

it is a false certification and is not a transcript at all. An appellate court's decision must be based on the record of the trial court and it cannot be so unless the court of appeal has before it the exact, authentic and true record of the action of the trial court. In the instant case the original record of the proceedings in the superior court above quoted, to wit, the minute order and the wrtiten order signed by Judge Burnell, evidences what actually occurred before the trial judge and the grounds upon which he granted the motion for a new trial. The transcript as "corrected" shows something entirely different.

Had Judge Burnell been living he would have had power to amend the orders if they did not disclose what actually took place in his court and to amend the transcript accordingly, but he would have been without jurisdiction to order a correction to be made in the transcript which did not conform to the judicial record of the orders made in his court. Judge Hanson was without jurisdiction to order a change in the transcript which is contrary to the record then before him as made by Judge Burnell. His order of October 5, 1949, purporting to grant the request for correction of the transcript has caused a transcript to be filed in this court which purports to show facts different from and contrary to those shown by the minutes and records of the proceedings in the action. The order is void and will be disregarded. In determining this appeal no consideration will be given to the deletions from and amendments to the transcript of the proceedings before Judge Burnell but the decision of this court will be based on the original records of the superior court which have been made a part of the record of this court. We shall therefore deem Judge Burnell's order granting a new trial as having been made upon the grounds stated in the original minute order of May 9 and in the written order signed by Judge Burnell on May 16, 1949.

Since the purported ground above discussed upon which defendants contend the motion for new trial was granted is not a ground recognized by the law (Code Civ. Proc., § 657) and was not included in the notice of motion for a new trial and since it appears from the tenor of the court's remarks and from Mr. Kelly's affidavit that the statement was made in a jocular manner and was not intended to be taken seriously, such ground may be dismissed from further consideration.

Passing now to the actual grounds on which Judge Bur granted the motion for a new trial, the first is the insufficiency of the evidence to sustain the verdict and judgment. There is an irreconcilable conflict in the evidence relating to the collision. The accident was between a Chevrolet automobile in which plaintiffs were riding as guest passengers and a tanker truck owned by defendant corporation and driven by its employee, defendant Maxwell. It occurred at the intersection of South Street and Lakewood Boulevard at about 3 o'clock in the afternoon when the sun was shining. Lakewood is a well-traveled, four-lane, divided highway extending northerly and southerly and crossed by South Street at right angles. Standard three-light signals were in operation at the time. The Chevrolet was proceeding westerly on South Street and defendants' truck was traveling southerly on Lakewood Boulevard. The vehicles collided at a point about 21 feet east of the west curb line of Lakewood as extended and 36 feet south of the extended north curb line of South Street. No buildings or obstructions were on either corner. All five passengers in the Chevrolet (the driver did not appear at the trial) testified that as their car approached the intersection it was immediately north of the center line of South Street traveling at a speed of 20 to 25 miles an hour; that the signal showed a green light as they entered the intersection and remained green up to the time of the collision; that the truck was from 200 to 300 feet north of the intersection when they entered it and was traveling 40 to 50 miles an hour. It was stipulated that the basic speed limit on Lakewood was 55 miles an hour.

One witness testified that as the Chevrolet entered the intersection he saw cars on Lakewood south of South Street waiting for the "Go" signal on Lakewood.

Maxwell testified that when he was 64 feet north of South Street the signal light changed to green on Lakewood; that he was traveling at 20 to 25 miles an hour. Other witnesses corroborated him in saying that the Chevrolet went into the intersection after the light had changed to green on Lakewood.

The granting of a motion for a new trial rests within the discretion of the trial judge and an appellate court will not interfere with his order unless it clearly appears that there has been a manifest abuse of discretion. ██ ██ Upon an appeal from an order granting a new trial all presumptior favor the order as against the verdict and the order will l affirmed if it may be sustained on any ground. (*Mazzotta* v *Los Angeles Ry. Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338], an

cases cited.) ▆ The court does not abuse its discretion in granting a new trial when there is a conflict in the evidence as to material facts and when there is any evidence that would support a judgment in favor of the moving party. (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 359 [170 P.2d 465].) In the instant case there is a direct conflict in the evidence as to the speed of defendant's truck immediately before the collision, as to its position when the traffic signal light changed, and as to whether the green light was on South Street or Lakewood Boulevard at the time the Chevrolet entered the intersection. There is conflicting evidence upon other features of the case not necessary to be narrated.

Since by reason of the settled rule, supported by innumerable authorities, that the granting of a new trial on the ground of insufficiency of evidence, no abuse of discretion being shown, cannot be disturbed by this court we need not consider whether the trial court erred in including newly discovered evidence, accident or surprise among the grounds for the order.

The order granting a new trial is affirmed.

Moore, P. J., concurred. McComb, J., dissented.

A petition for a rehearing was denied July 10, 1950. McComb, J., voted for a rehearing.

Appellants' petition for a hearing by the Supreme Court was denied August 17, 1950.