[Civ. No. 17334. Second Dist., Div. One. Aug. 22, 1950.]

A. C. HELVEY, as Administrator, etc., Appellant, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), Respondent.

150

William M. Taylor for Appellant.

Arthur H. Blanchard and Robert E. Friedrich for Respondent.

DRAPEAU, J.—In June of 1919, Ira B. Murphy made two deposits in Farmers and Merchants Bank of Santa Paula, in the sum of $710. Defendant in this case is successor to that bank. No further deposits were made, except credits of interest earned. No withdrawals were made. October 2, 1946, defendant bank paid the amount due on the account to the Treasury of the State of California. (Abandoned Property Act: Code. Civ. Proc., §§ 1274.1 to 1274.17.)

Plaintiff is administrator of the estate of Ira B. Murphy, and assignee of decedent's widow. As such, he first petitioned in the Superior Court in Sacramento County in a proceeding against the State of California. The procedure is outlined in Code of Civil Procedure, section 1274.10 Upon making the necessary proof the court is empowered to direct return of abandoned property to the owner thereof.

While the proceeding in Sacramento County was pending, plaintiff commenced the present action against the defendant in Ventura County. In his brief he says he did this because he could not recover interest from the state.

Defendant served plaintiff's counsel with notice of motion to dismiss. Plaintiff made no appearance on the hearing of the motion. Evidence was heard by the court, the motion was granted, and the case dismissed. From this order plaintiff appeals.

No record of the evidence before the trial court has been supplied to this court. Therefore, it must be presumed that the evidence supports the order. (*Vieth* v. *Klett*, 88 Cal. App.2d 23 [198 P.2d 314]; *Lucich* v. *Lucich*, 75 Cal.App.2d 890 [172 P.2d 73].) Affidavits may be used in support of a motion to dismiss. (*Best* v. *Fitzgerald*, 81 Cal.App.2d 965 [185 P.2d 377].)

Plaintiff argues that the order is not based on facts specified in sections 581, et seq., of the Code of Civil Procedure, and is, therefore, void.

The superior court has inherent power to dismiss actions which are made to appear fictitious and sham. (*Cunha* v. *Anglo California National Bank*, 34 Cal.App.2d 383 [93 P.2d 572].)

Plaintiff also argues that the Abandoned Property Act is unconstitutional for the following reasons: (a) A bank depositor is deprived of interest; (b) the money was deposited before the enactment of the law; (c) no notice to depositors is provided for; (d) the act does not apply to a national bank. Each assignment is without merit. (*Anderson National Bank* v. *Luckett*, 321 U.S. 233 [64 S.Ct. 599, 88 L.Ed. 692, 151 A.L.R. 824].)

The order is affirmed.

White, P. J., and Doran, J., concurred.