[Civ. No. 24711.   Second Dist., Div. Two.   May 19, 1961.]

NOGAH BETHLAHMY et al., Respondents, v. CUSTOM-CRAFT INDUSTRIES, INC. (a Corporation) et al., Defendants; DONALD J. HIRSCH, Appellant.

Donald J. Hirsch, in pro. per., for Appellant.

Bert Z. Tigerman for Respondents.

McMURRAY, J. pro tem.*—This is an appeal taken from the denial of appellant's motion for relief from a default judgment entered against him. The default was entered upon suit for enforcement of his written guarantee of defendant Customcraft's obligations. Appellant's attorney withdrew prior to trial and the appellant has since represented himself.

Appellant moved to vacate and set aside the default judgment. He correctly contends that Code of Civil Procedure, section 594, provides that a default judgment may be entered only when the court is satisfied ". . . that the adverse party has had five days notice of such trial. . ." The appellant's basic ground for reversal is that the five-day notice thus required was not given him. In support of this argument, he cites section 1013 of the Code of Civil Procedure which provides in part, that in case of service by mail, the notice must be ". . . addressed to the person on whom it is to be served, at his office address as last given by him on any document

*Assigned by Chairman of Judicial Council.

which he has filed in the cause and served on the party making service by mail; otherwise at his place of residence. . ." He contends that the statute must be interpreted so as to require that such notice be sent to his residence unless he *personally* filed or served a document on his opponent which indicated his business address. Appellant contends that no documents were ever filed by him, and that the notice was therefore improperly given.

The record here indicates that the appellant had retained counsel until that counsel's motion to withdraw was granted on May 27, 1959. Prior to that time, any action taken by the attorney of record during the course of the litigation on behalf of his client was binding on the client under common agency doctrine. (See generally 6 Cal.Jur.2d, Attorneys at Law, § 149.) ▮ The scope of this agency included all authorized pleadings, and, while the agency was terminated by the granting of the motion to withdraw, it included the right to file the documents incident to that withdrawal. ▮ Here, appellant's counsel indicated appellant's business address in the notice of motion to withdraw, and so clearly satisfied the requirement of section 1013, *supra*. ▮ In any event, the "person to be served" has the burden of notifying the court of any change of address, and failure so to do does not enable him to claim improper notice.

Even if the service of notice were proper under section 1013, *supra*, Code of Civil Procedure, contends appellant, the trial court abused its discretion in denying the motion to relieve the default made under Code of Civil Procedure, section 473. The contention is unmeritorious. ▮ Whether a motion to be relieved of default under that section should be granted is within the sound discretion of the trial court. (*Yarbrough* v. *Yarbrough*, 144 Cal.App.2d 610, 614 [301 P.2d 426] ; *Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523, 528 [190 P.2d 593].)

The trial court here based its denial of the motion upon the ground of no satisfactory showing that the appellant had a meritorious defense. ▮ It is incumbent upon one seeking relief under Code of Civil Procedure, section 473, to satisfy the court that a different result would probably ensue if the matter were to be retried. (*Elms* v. *Elms*, 72 Cal.App.2d 508, 519-520 [164 P.2d 936] ; 29 Cal.Jur.2d Judgments, § 138 et seq.)

▮ The appellant contends that the trial court abused its discretion in that its determination that his verified answer

was an insufficient affidavit of merit "appears to have resulted from a consideration of the allegations of respondents' counter-affidavit . . . in discord with the rules stated in *Rauer's Law etc. Co.* v. *Gilleran,* 138 Cal. 352 [71 P. 445], and *Thompson* v. *Sutton,* 50 Cal.App.2d 272 [122 P.2d 975]."

These cases do not stand for the proposition that counter-affidavits cannot be considered upon motion under section 473 of the Code of Civil Procedure; rather, they hold that affidavits which do nothing more than attempt to controvert the truth of the movant's showing of merits are insufficient. (*Thompson* v. *Sutton, supra,* at p. 280.) As stated in 29 California Juris-prudence 2d, Judgments, section 150, pages 92-93: "On the hearing of a motion for relief from a judgment, the truth of the affidavit of merits . . . cannot be controverted. As a general rule, the only question to be passed on is whether the facts are sufficient to establish a ground for relief. It was never in-tended that the merits of issues of fact should be passed on, *unless perhaps there should be reason for the court to believe that the defense is sham or frivolous.* Counteraffidavits going to the merits of the case are therefore irrelevant and improper, but may be used in opposition to the grounds stated in the motion, since it is always permissible to rebut the reason or excuse offered as the ground for relief." (Emphasis added.) It is thus apparent that a counteraffidavit is proper when within these limits.

▮▮▮ The appellant based his motion to set aside the judg-ment solely upon lack of notice and "that had he appeared for trial and presented his defense, a different judgment might have been entered." Appellant's verified answer must be viewed as his "affidavit of merits." In that answer, appellant denied that he ever executed a general guarantee by which he personally guaranteed the obligations of Customcraft. This allegation is the only defense raised by appellant.

Respondent, in his points and authorities, in opposition to the motion to set aside the default judgment, referred to cer-tain other actions between the appellant and the respondents in which the appellant had admitted the execution of the guar-anty and had admitted his liability thereunder.

It was, therefore, entirely proper for the trial court in the interest of justice to consider these admissions which were made in other proceedings tried in the same court. A refusal to take judicial notice of such facts "would be to blink the perceptive sense of courts to a degree not consistent with the increasing need for a more practical and efficient method in

the administration of the law." (*City of Los Angeles* v. *Abbott,* 217 Cal. 184, 192 [17 P.2d 993] ; *Watson* v. *Los Altos School Dist.,* 149 Cal.App.2d 768, 772 [308 P.2d 872].)

There is an exception to the rule precluding courts from taking judicial notice of the record in another case which is based upon the equities and justice of each individual case (*Watson* v. *Los Altos School Dist., supra;* *Hogan* v. *Hogan,* 131 Cal.App.2d 281, 284 [280 P.2d 64] ; *Willson* v. *Security-First Nat. Bank,* 21 Cal.2d 705, 711 [134 P.2d 800] ; *Hammell* v. *Britton,* 19 Cal.2d 72, 75 [119 P.2d 333] ; *Arechiga* v. *Housing Authority of City of Los Angeles,* 183 Cal.App.2d 835, 843 [7 Cal.Rptr. 338] ) ; the application of that exception clearly applies here.

Affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied June 13, 1961, and appellant's petition for a hearing by the Supreme Court was denied July 12, 1961.