[Civ. No. 27212. Second Dist., Div. Four. May 21, 1963.]

ROY LEE BARFIELD, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ANN R. BARFIELD, Real Party in Interest.

Olson & Markey and Christian E. Markey, Jr., for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Hahn, Ross & Saunders and E. Loyd Saunders for Real Party in Interest.

KINGSLEY, J.— ▉ Pursuant to a "stipulation" executed by counsel for plaintiff, the default hearing on the complaint of real party in interest for a divorce was held by Commissioner John Leslie Goddard, purportedly sitting as a judge pro tempore of respondent court. The only issue before the court is the validity of Commissioner Goddard's designation as such judge pro tempore. If he was validly designated, the decree rendered by him is also valid and should stand; if he was not validly so designated, the decree is void and should be vacated. It is admitted that Commissioner Goddard is a member of the bar,[1] that he was duly appointed as a commissioner of respondent court, that he had been appointed by the presiding judge of respondent court to act as a judge pro tempore in all matters assigned to him by any of the judges of the court, that he had been assigned to hear the Barfield divorce by the judge presiding in the department to which that case had been assigned for hearing, and that he had taken an oath of office to act as judge pro tempore.

The determination of this case turns on the meaning of two sections of the Constitution of this state and of two subsections of section 259a of the Code of Civil Procedure, together with rule 244 of the California Rules of Court.*

Section 5 of article VI of the state Constitution provides (so far as is here pertinent): "Upon stipulation of the parties litigant or their attorneys of record a cause in the superior court or in a municipal court may be tried by a judge pro tempore who must be a member of the bar sworn to try the cause, and who shall be empowered to act in such capacity in the cause tried before him until the final determination thereof. The selection of such judge pro tempore shall be subject to the approval and order of the court in which said cause is pending and shall also be subject to such regulations and orders as may be prescribed by the Judicial Council."

[1]Although court commissioners are judicial officers, they are not within the purview of *State Bar* v. *Superior Court* (1929) 207 Cal. 323 [378 P. 432], and do not lose their status as attorneys if they held that status on appointment. It may be noted that, except by rule of the appointing court, commissioners need not be members of the bar. (Gov. Code, § 70142.)

*Formerly Rules for the Superior Courts, rule 31.

Section 14 of article VI provides (so far as here pertinent):
"The Legislature may also provide for the appointment, by
the several superior courts, of one or more commissioners in
their respective counties, or cities and counties, with author-
ity to perform chamber business of the judges of the su-
perior courts, to take depositions, and to perform such other
business connected with the administration of justice as may
be prescribed by law."

In addition to a grant of powers to court commissioners
in section 259 of the Code of Civil Procedure (which powers
are not herein involved), the Legislature has provided that,
for counties having a population of over 900,000 inhabitants,
the commissioners shall have certain additional powers, two
of which bear upon the immediate matter. Subdivision 4 of
section 259a grants the power "To act as judge pro tempore
when otherwise qualified so to act and when appointed for that
purpose; provided, that while acting as such he shall receive
no compensation therefor other than his compensation as
commissioner."

Subdivision 6 of the same section grants the power "When
ordered by the court appointing him so to do, to hear, report
on and determine all uncontested actions and proceedings
other than actions for divorce, maintenance or annulment of
marriage."

Pursuant to its constitutional power to prescribe "regula-
tions and orders" relating to judges pro tempore, the Judi-
cial Council has promulgated rule 244 of the California
Rules of Court, reading as follows:

"(a) The stipulation of parties litigant that a case may
be tried by a judge pro tempore shall be in writing and
shall set out in full the name and office address of the member
of the State Bar agreed upon to act as judge pro tempore,
and shall be submitted to the presiding judge, or to the
judge in whose department the case is pending in courts which
do not have a presiding judge. If the member of the State
Bar agreed upon consents so to act and if his selection is
approved by the judge, the approval and order designating
the person selected as judge pro tempore shall be endorsed
upon the stipulation, which shall thereupon be filed. The
judge pro tempore so selected shall take and subscribe the
oath of office, which shall be attached to the stipulation and
order of approval, and the case shall thereupon be assigned
to said judge pro tempore for trial. At any time after the
filing of the oath, the judge pro tempore may proceed with
the hearing, trial and determination of the case.

"(b) Subdivision (a) of this rule does not apply to the selection of a court commissioner to act as a judge pro tempore."

Since rule 244(b) expressly excludes cases where a commissioner acts as a judge pro tempore, we are left with the language of the Constitution and the statutes. Section 259a, subdivision 6, is clearly not here in point. It applies only where a court commissioner purports to act solely as a commissioner, by designation of the court only, and for the purposes set forth in that subsection. The pertinent statute is subdivision 4. This language meets the constitutional requirement of section 14 of article VI, namely that the Legislature shall prescribe by law the "other business connected with the administration of justice" which court commissioners may perform in addition to the two duties specified in that section.

On the facts of this case, the controlling language is the phrase in article VI, section 5 : "Upon stipulation of the parties litigant." ■ It was settled in *Estate of Kent* (1936) 6 Cal.2d 154 [57 P.2d 901], that the words "parties litigant" refer only to those persons who have actually appeared in the action and are "litigating" some issue then before the court. ■ Clearly, the present petitioner, whose default had been duly entered in the case, was not a "party litigant." Petitioner urges, however, that the Constitution requires a "stipulation" and that a stipulation is an agreement—i.e. requires the concurrence of at least two persons.

■ We think this too narrow a construction of the constitutional language. It must be remembered that the "stipulation" required is that "of" and not "between" the litigants. The decision to refer a pending cause to a judge pro tempore, and the selection of the individual member of the bar who is to so act, are, in the end, with the court, which must approve and order the designation, not with the litigant. If "agreement" is here required, it is the agreement between court and litigant which controls.

We conclude that Commissioner Goddard was validly appointed to act as judge pro tempore in the case of *Barfield* v. *Barfield*; that the interlocutory decree granted by him in that cause was a valid decree of respondent court; and that the motion to vacate that decree was properly denied.

The alternative writ of mandate, heretofore issued, is discharged; the petition for a peremptory writ of mandate is denied.

Burke, P. J., and Jefferson, J., concurred.