[Civ. No. 35473. Second Dist., Div. Two. Aug. 7, 1970.]

DELAMER J. BREWER et al., Plaintiffs and Respondents, v.
HOME OWNERS AUTO FINANCE COMPANY,
Defendant and Appellant.

## COUNSEL

Richard L. Riemer for Defendant and Appellant.

Ingram, Baker & Uhler, and Rodney Alan Baker for Plaintiffs and Respondents.

## OPINION

**ROTH, P. J.**—Home Owners Auto Finance Company appeals from a summary judgment. Respondent's complaint for declaratory judgment and quiet title alleges that on May 18, 1965, respondents entered into a conditional sales contract (Security Agreement) with Louis Motor Sales for the purchase of a used 1964 Cadillac for the total purchase of $4992.96, to be paid by respondents to Louis Motor Sales on May 25, 1965, seven, days later. It is admitted the "Security Agreement" entered into by respondents and by Louis Motor Sales was the type of conditional sales contract covered by the Rees-Levering Automobile Sales Finance Act (Civ. Code, §§ 2981-2984.3) and that it was in strict compliance with those Civil Code sections.

On May 18, 1965, the very day the Security Agreement was executed, it was assigned in writing by Louis Motor Sales to appellant.[1] Two days later, on May 20, respondents and appellant amended the Security Agreement to provide for five-year financing and for a new balance of $8,038.63. Concurrently with the execution of the amended Security Agreement, although not mentioned therein, appellant asked for and received from respondents a trust deed to a parcel of improved real property owned by respondents as further security for payment of the contract price on the automobile.

In 1967, respondents defaulted on the payments. The car was repossessed by appellant and sold for $2210, leaving a deficiency of $2,196.16.

Respondents brought this action to declare the trust deed void. Respondents' only declaration in support of its motion for summary judgment recites in pertinent part:

"That on or about May 18, 1965, Declarant and ALICE M. BREWER executed an agreement in writing entitled 'Security Agreement (Purchase

---

[1]Appellant admitted on oral argument that the transaction between Louis Motor Sales and respondents was handled in their names to avoid the effect of Civil Code, section 2984.2, discussed *infra*.

Money): Motor Vehicle', an exact copy of which is attached hereto and made a part of this Declaration as Exhibit 'A'.

"That on or about May 20, 1965, Declarant and ALICE M. BREWER entered into an agreement in writing with HOME OWNERS AUTO FINANCE Co., an exact copy of which is attached hereto and made a part of this Declaration as Exhibit 'B'.

"That subsequently, Declarant and ALICE M. BREWER did, in response to demand of HOME OWNERS AUTO FINANCE COMPANY, execute a deed of trust dated May 20, 1965, to secure a conditional sales contract dated May 18, 1965, for a total contract balance of $8,038.63, which deed of trust was subsequently recorded with the Office of the Los Angeles County Recorder as Document No. 3926 in Book T4396 at page 64, an exact copy of which public record is attached to and made a part of this Declaration as Exhibit 'C'."

Appellant filed no affidavit in opposition and denied none of the averments of respondents' affidavit.

The trial court granted the summary judgment holding "that the transaction between buyer and seller-assignee, is one which philosophically and logically falls directly into the caldron of vicissitudes sought to be remedied by CC 2984.2, and must fall in a motion for summary judgment . . . ."

Civil Code, section 2984.2 provides "No agreement in connection with a conditional sale of a motor vehicle for the inclusion of title to or a lien upon any personal or real property, other than the motor vehicle which is the subject matter of the conditional sale, . . . as security for payment of the contract balance, shall be enforceable. No agreement between a buyer and seller in connection with a sale of a motor vehicle which provides for the inclusion of title to or a lien upon any personal or real property, other than the motor vehicle which is the subject matter of the sale . . . as security for payment of the contract balance, shall be enforceable. This section shall not apply to any agreement which meets the requirements of Section 2982.5 and otherwise complies with this chapter."[2]

Appellant contends that summary judgment was improperly granted because there was a triable issue of fact. The first paragraph of the trial court's memorandum decision states: "The present matter is made difficult

---

[2]The second sentence of this section was added by the Legislature in 1967, after the date of the agreements at bench, and the third sentence was added in 1969. Appellant does not rely upon being nor does the record reveal whether it is "supervised financial organization" as provided for in section 2982.5, subdivision (a) and it is clear that the agreement would not fall into the provisions of 2982.5, subdivision (b), which provides that if the seller assists the buyer in obtaining financing the contract must set forth on its face that the buyer may be required to pledge additional security.

for the reason that the amended declaration of plaintiff failed to state whether or not he discussed the matter of the assignment with the auto salesman at the time of the first transaction—*leaving the possibility of a perfectly separate and distinct transaction on the part of defendant corporation* without knowledge of the first transaction." (Italics added.)

■ The law is clear that summary judgment is proper only if there be no triable issue of fact.

■ Summary judgment procedure may be used as a "substitute for the open trial . . . ," (*Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal. 2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785]) but such a judgment may be granted only if facts set forth in the declarations (or affidavits) of the moving party (*R. D. Reeder Lathing Co.* v. *Allen,* 66 Cal.2d 373-377 [57 Cal.Rptr. 841, 425 P.2d 785]) those of which the court may take judicial notice and those which are stipulated (*Ahmanson Bank & Trust Co.* v. *Tepper,* 269 Cal.App.2d 333, 342 [74 Cal.Rptr. 774]; *Martin* v. *General Finance Co.,* 239 Cal.App.2d 438, 442 [48 Cal.Rptr. 773]; *Goldstein* v. *Hoffman,* 213 Cal.App.2d 803, 814 [29 Cal.Rptr. 334]; *Thomson* v. *Honer,* 179 Cal.App.2d 197, 203 [3 Cal.Rptr. 791]) are sufficient to sustain a judgment when the declarations of the opposing party do not show facts sufficient to raise a triable issue of fact. ■ In addition, although a moving party cannot rely upon his pleadings to cure or supplement his declarations (*Kember* v. *Jones,* 122 Cal.App.2d 914, 918 [265 P.2d 922]), he may rely upon admissions contained in the pleadings of his adversary. (*Schulze* v. *Schulze,* 121 Cal.App.2d 75, 82 [262 P.2d 646]; *Joslin* v. *Marin Municipal Water Dist.,* 67 Cal.2d 132, 148 [60 Cal.Rptr. 377, 429 P.2d 889].)

In *Stationers,* the court says at page 417: "In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion." (*Rowland* v. *Christian,* 69 Cal.2d 108, 111 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R. 3d 496]; *Slobojan* v. *Western Travelers Life Ins. Co.,* 70 Cal.2d 432, 436-437 [74 Cal.Rptr. 895, 450 P.2d 271].)

■ Where the court determines summary judgment is proper, the judgment will not be reversed unless "there has been an abuse by the trial court of its legal discretion." (*Exchequer Acceptance Corp.* v. *Alexander,* 271 Cal.App.2d 1, 12 [76 Cal.Rptr. 328].)

Respondents' declaration as noted by the trial judge, does not specifically

connect Louis Motor Sales and appellant. Respondents do allege in their complaint that appellant "caused plaintiff to enter into an agreement in writing with an agent of [appellant], namely, LOUIS MOTOR SALES, wherein [respondents] agreed to purchase a used 1964 Cadillac. . . ." This allegation was denied by appellant in its answer. If the allegation had been admitted, such admission in the pleadings could have been used to fortify respondents' declaration and there would be no question about the propriety of the summary judgment at bench. (*Joslin* v. *Marin Municipal Water Dist.,* 67 Cal.2d 132, 148 [60 Cal.Rptr. 377, 429 P.2d 889]; *Schulze* v. *Schulze,* 121 Cal.App.2d 75, 82 [262 P.2d 646].)

However, even though respondents' declaration does not in so many words aver that Louis Motor Sales and appellant did *jointly* handle the conditional sale of the Cadillac in question, and although because of strict summary judgment rules, it may be imaginatively argued that respondents may have desired to buy the Cadillac for cash or on short credit to enable them to obtain a reduced price and to give them the opportunity to seek cheaper independent financing, it seems to us that the admitted facts permit only one valid and reasonable inference, i.e., that the conditional sale was in fact jointly made by appellant and Louis Motor Sales.

The concurrent assignment of the Security Agreement to appellant, the fact that it was couched in the terms of a conditional sales contract, although full payment was required at the end of seven days, the rapidity with which the "new agreement" was executed, the "modification" form of the new agreement, and the failure of the new agreement to refer to the trust deed, are undisputed facts which indicate infallibly that the conditional sale of the Cadillac was actually a joint undertaking between Louis Motor Sales and appellant as sellers and respondents as buyers. Such a transaction did not legally avoid the effect of Civil Code, section 2984.2, but was actually within the context of the section and at best was a subterfuge to illegally evade the section.

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.