[Civ. No. 22764. Fourth Dist., Div. One. June 17, 1981.]

SANDY LINT, Plaintiff and Respondent, v.
C. CHISHOLM, Defendant and Appellant.

616

618

COUNSEL

C. Chisholm, in pro. per., for Defendant and Appellant.

Jacqueline Valenzuela, Dennis E. Holz and Charles Wolfinger for Plaintiff and Respondent.

OPINION

**WORK, J.**—C. Chisholm appeals an order denying his motion to vacate a default judgment (Code Civ. Proc., § 473[1]). He asserts multiple grounds: surprise, excusable neglect, absent his stipulation the temporary judge lacked authority to enter the default judgment, variance between the judgment and minute order, variance between the relief granted and that prayed for, and error in the court's failure to dispose

---

[1]All references are to the Code of Civil Procedure unless otherwise specified.

of his cross-complaint or calculate the factors argued in it. Chisholm, a self-represented lawyer, also attacks the denial of his motion for summary judgment.

## BACKGROUND

In August 1976, Sandy Lint filed a complaint with the municipal court claiming conversion, breach of contract and fraud. Following Chisholm's unsuccessful summary judgment motion, she filed an amended complaint. Chisholm answered and cross-complained.

Chisholm then removed the case to superior court, and was ordered to pay the transfer fees. Consistently, with his utter disregard for other procedural rules of court, he refused to pay them for over two years. After numerous attempts to contact him proved unsuccessful, Lint, who originally filed as an indigent, paid the fees herself. The case was transferred in November 1979.

Lint filed an at issue memorandum with the superior court, mailing a copy to Chisholm. Trial was set for March 14, 1980, and notice mailed to both parties at the addresses listed with the court clerk. Chisholm claims he never received actual notification before trial, explaining the closing of his business and filing of a dissolution action by his wife during this time period disrupted his regular mail service. Admittedly, he did not notify the clerk of any change of address. He did not appear at trial. Upon stipulation by Lint the matter was tried by a temporary judge. After a hearing at which Lint testified and the appointed judge examined the papers, documents and pleadings in the case, a judgment was prepared granting relief as prayed. It was signed and entered April 1, 1980.

Chisholm's motion to vacate the default and set aside judgment on the above grounds was denied.

## DISCUSSION

█ A motion to vacate a default and set aside judgment (§ 473) "is addressed to the sound discretion of the trial court, and in the absence of a clear showing of abuse ... the exercise of that discretion will not be disturbed on appeal." (*City Bank of San Diego* v. *Ramage* (1968) 266 Cal.App.2d 570, 579 [72 Cal.Rptr. 273]; see *Outdoor Imports, Inc.* v. *Stanoff* (1970) 7 Cal.App.3d 518, 522 [86 Cal.Rptr. 593]; *Weitz* v.

*Yankosky* (1966) 63 Cal.2d 849, 854 [48 Cal.Rptr. 620; 409 P.2d 700].) Moreover, all presumptions will be made in favor of the correctness of the order, and the burden of showing abuse is on the appellant. (*Baratti* v. *Baratti* (1952) 109 Cal.App.2d 917, 921 [242 P.2d 22].)

1. ■ Chisholm contends the trial court erred in rejecting his claim of surprise and excusable neglect (§ 473, *supra*). He argues overwhelming domestic problems resulted in his inability to receive mail regularly during the period in which notice was sent. The events he describes do not constitute surprise or excusable neglect under section 473.[2]

■ "The 'surprise' contemplated by section 473 . . . is some condition or situation in which a party is unexpectedly placed to his injury, *without any fault of his own*, under circumstances which he was not reasonably called upon to anticipate and which ordinary foresight could not have guarded against." (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753]; italics added.)

Excusable neglect is "that neglect which might have been the act of a reasonably prudent person under the same circumstances." (*Baratti* v. *Baratti, supra*, 109 Cal.App.2d 917, 921; *Tammen* v. *County of San Diego, supra*, 66 Cal.2d 468, 478.)

■ Chisholm did not show (1) his failure to notify the court of his address change, or alternatively to otherwise adequately arrange for mail delivery, was the act of a reasonably prudent person under the same circumstances; or (2) the nonreceipt occurred "without any fault of his own . . . ."

Chisholm, a law school graduate licensed to practice in two jurisdictions (but not California), is a member of the United States Supreme Court Bar and United States Tax Court. Moreover, during the two-month period between the mailing of notice and the date of trial he was

---

[2]Notice was mailed by the court on January 23, 1980, setting the trial date for March 14, 1980. It was sent to the business address listed on Chisholm's last filed pleadings.

Section 1013, subdivision (a) states in pertinent part: "the notice . . . must be deposited in a post office . . . in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, *at his office address as last given by him on any document which he has filed in the cause* . . . .The service is complete at the time of deposit . . . ." (Italics added; see also § 594, subd. (b).)

a party to at least seven other lawsuits in San Diego County. He was aware of his duty to inform the court of any change of address, and his failure to do so does not enable him to claim lack of notice. (See *Bethlahmy* v. *Customcraft Industries, Inc.* (1961) 192 Cal.App.2d 308, 310 [13 Cal.Rptr. 310].)

There was no abuse of discretion.

2. ■ Chisholm attacks the temporary judge's authority to act in the present cause without a stipulation from him as a party litigant.

The California Constitution, article VI, section 21 reads: *"On stipulation of the parties litigant* the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." (Italics added; see also Cal. Rules of Court, rule 244.)

Chisholm contends he is a "party litigant" despite his failure to appear on the date set for trial. He improperly relies, inter alia, on *Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351 [110 Cal. Rptr. 353, 515 P.2d 297]. There, a stipulation for settlement was entered into between the parties, providing that, upon breach, plaintiffs could give notice of default and file a declaration with the court stating the fact of default and balance due. The stipulation allowed the court to enter judgment for the entire remaining balance. Eventually, *without sending of notice*, judgment was entered against defendants, without their being afforded an opportunity to be heard. The Supreme Court held, since proper notice was lacking, defendants could not effectively waive their right to be heard in opposition to the entry of judgment, and the temporary judge could not act without both parties' stipulation. Here, however, notice of trial was properly served.

Chisholm was indeed a "party litigant" throughout the entire pretrial proceedings, but he forfeited his status by failing to appear at trial *after proper service of notice had been mailed to him.* (Cf. *Goya* v. *P.E.R.U. Enterprises* (1978) 87 Cal.App.3d 886 [151 Cal.Rptr. 258].)

More on point is *Bill Benson Motors, Inc.* v. *Macmorris Sales Corp.* (1965) 238 Cal.App.2d Supp. 937, 944 [48 Cal.Rptr. 123], where, after filing an answer and cross-complaint, the defendant failed to appear at trial. The court concluded—"the phrase 'parties litigant ...' does not

include parties ... who wilfully remain away from the trial.... [T]here is no injustice [in such a case] in ruling that they waived their rights to object to the appointment of ... a judge pro tempore...."

In *Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1 [118 Cal.Rptr. 21, 529 P.2d 53], the Supreme Court cited *Benson* favorably—holding, where a petitioner defaults by failing to appear at a hearing the "stipulation of the parties litigant" required by article VI, section 21 of the California Constitution may be entered into by the other party alone. "Accordingly, petitioner was not a party litigant, and the stipulations executed by the applicants ... were sufficient to empower the commissioner to act as a temporary judge." (*Sarracino* v. *Superior Court, supra*, at p. 10.)

The stipulation required by the constitutional provision is that "of" and not "between" the litigants to an action. (*Barfield* v. *Superior Court* (1963) 216 Cal.App.2d 476, 479 [31 Cal.Rptr. 30]; *Sarracino* v. *Superior Court, supra*, 13 Cal.3d 1, 10; cf. *Toby* v. *Superior .Court* (1935) 8 Cal.App.2d 32 [47 P.2d 338].) There was no error.

3. ■ Chisholm next objects the judgment did not follow the minute order, the relief granted exceeded that prayed for and the judgment failed to dispose of his cross-complaint or consider the factors argued in it. He cites no authority for his propositions and fails to discuss two of the contentions at all. Indeed, his only reference to the variances between the judgment and minute order, and between the relief granted and that prayed for is found in heading form.

His reticence to address the contentions is understandable, however, as variance between the prayer of a complaint and the relief granted is proper if warranted by the evidence, and an answer has been filed. (*Lee* v. *Ski Run Apartments Associates* (1967) 249 Cal.App.2d 293, 295 [57 Cal.Rptr. 496]; *Sears, Roebuck and Co.* v. *Blade* (1956) 139 Cal.App. 2d 580, 592 [294 P.2d 140]; § 580.)[3]

---

[3]The variance of which Chisholm complains may be gleaned from a reading of Lint's prayer and the judgment entered April 1, 1980.

*Prayer*—"Plaintiff justifiably relied on the aforementioned representations to her damage in the following respects: [¶] a. She left her employment in San Francisco; [¶] b. She transported her household goods to San Diego. [¶] WHEREFORE, plaintiff prays for judgment against defendants and each of them as follows:

"FIRST CAUSE OF ACTION [Conversion] [¶] 1. For an order for possession of the described property in the alternative, a judgment in the amount of $2,402.00; [¶] 2. For

Any variance which existed between the judgment and minute order has been corrected by amendment pursuant to Lint's motion to correct clerical errors in the clerk's minute order. (See § 473; *Shellhaus v. Petrolane Ltd.* (1950) 98 Cal.App.2d 171, 174 [219 P.2d 797]; *Estate of Careaga* (1964) 61 Cal.2d 471 [39 Cal.Rptr. 215, 393 P.2d 415].) The amendment likewise disposes of Chisholm's cross-complaint.[4]

4. ■ Finally, Chisholm's motion for summary judgment was correctly denied. ■ "[S]ummary judgment is proper only if there be no triable issue of fact." (*Brewer v. Home Owners Auto Finance Co.* (1970) 10 Cal.App.3d 337, 341 [89 Cal.Rptr. 231]; § 437c.) "'The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial. In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion.'" (*Rafeiro v. American Employers' Ins. Co.* (1970) 5 Cal.

costs of this action; [¶] 3. For such other and further relief as this Court deems just.
"SECOND CAUSE OF ACTION [Breach of Employment Contract] [¶] 1. For damages in accordance with proof; [¶] 2. For costs of this action; [¶] 3. For such other and further relief as this Court deems just.
"THIRD CAUSE OF ACTION [Fraud—Special damages alleged are transportation costs between San Francisco and San Diego] [¶] 1. For damages in accordance with proof; [¶] 2. For costs of this action; [¶] 3. For exemplory [*sic*] and punitive damages."
*Judgment*—"IT IS HEREBY ORDERED AND ADJUDGED THAT judgment be entered against defendant JOHN CHISHOLM for converting the personal property described in Paragraph IV of plaintiff's second amended complaint; and for breach of the oral employment agreement described in plaintiff's second cause of action in the second amended complaint; [¶] IT IS FURTHER ORDERED THAT judgment be entered against defendant as follows: [¶] (1) $2,402.00 for the value of the converted property; in the alternative plaintiff is awarded possession of the personal property; [¶] (2) $2,770.00 for loss of use of the personal property from May 24, 1976, until the date of this judgment; [¶] (3) $644.00 for interest on the value of the personal property from the date of conversion; [¶] (4) $300.00 transportation expenses incurred by plaintiff in entering the employment agreement; [¶] (5) $600.00 for lost wages; [¶] (6) For costs of this action."
[4]On February 1, 1981, Lint's application for an order correcting the record on appeal was granted pursuant to rule 12(b) of the California Rules of Court as follows: "'The court orders the amount of the prayer, or in the event that the plaintiff can regain possession of her property from the defendant the order will be satisfied' be and hereby is corrected to read as follows: 'The court orders the amount of the prayer as requested and proved at this hearing including an award of the value of the plaintiff's property or in the event that the plaintiff can regain possession of the property from defendant that will satisfy the order to the extent of the value of the property only. The cross-complaint is hereby dismissed with prejudice.' [¶] 2. That the judgment be corrected to include the following: 'IT IS FURTHER ORDERED that the cross-complaint filed in this action be and hereby is dismissed with prejudice.'"

App.3d 799, 804 [85 Cal.Rptr. 701], quoting *Stationers Corp.* v. *Dun and Bradstreet, Inc.* (1965) 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].)

■ Although the record on appeal does not include Lint's declaration in opposition to the motion for summary judgment, we have reviewed it on our own motion (rule 12, Cal. Rules of Court), and conclude that several triable issues of fact were presented.[5] (See *Chesney* v. *Gresham* (1976) 64 Cal.App.3d 120, 125 [134 Cal.Rptr. 238].) There was no abuse of discretion.

■ Chisholm asks us to strike the damage award for loss of use of the converted property as not permitted by section 3336, Civil Code.[6] Consistent with his apparent total disregard for applicable judicial rules of procedure reflected in this record, Chisholm did not bother to raise this issue at the trial court nor in his briefs on appeal, waiting until oral argument for its presentation. In view of what appears to be a purposeful campaign of dilatory tactics orchestrated by Chisholm to needlessly delay and obstruct the resolution of this litigation, we feel less than compelled to depart from the judicial rule by which we may treat the point as waived. (*Everly Enterprises, Inc.* v. *Altman* (1960) 54 Cal.2d 761 [8 Cal.Rptr. 455, 356 P.2d 199].) We deem the question substantial and address it in effort to finally terminate this litigation, recognizing it is our role to uphold the trial court's findings if possible on any sound theory. (*Myers* v. *Stephens* (1965) 233 Cal.App.2d 104, 118 [43 Cal.Rptr. 420].)

In the absence of special circumstances the appropriate measure of damages for conversion of personal property is the fair market value of that property plus interest from the date of conversion, the standard first listed in section 3336, Civil Code. However, where proof establishes an injury beyond that which would be adequately compensated by

---

[5]Chisholm's failure to include the Lint declaration on appeal renders the record incomplete. Had we not reviewed the declaration on our own motion, we would nonetheless presume it supported the superior court's order. (See *Helvey* v. *Security First Nat. Bank*, 99 Cal.App.2d 149, 151 [221 P.2d 257].)

[6]"The detriment caused by the wrongful conversion of personal property is presumed to be: [¶] First—The value of the property at the time of the conversion, with the interest from that time, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of and which a proper degree of prudence on his part would not have averted; and [¶] Second—A fair compensation for the time and money properly expended in pursuit of the property." (Civ. Code, § 3336.)

the value of the property and interest, the court may award such amounts as will indemnify for all proximate reasonable loss caused by the wrongful act. (*Myers* v. *Stephens, supra*, 233 Cal.App.2d 104, 116.) Where damages for loss of use exceed the legal rate of interest, it is appropriate to award the former, but not both. (*Guerin* v. *Kirst* (1949) 33 Cal.2d 402 [202 P.2d 10, 7 A.L.R.2d 922]; *Gustafson* v. *Byers* (1930) 105 Cal.App. 584 [288 P. 111].)

The judgment is modified by striking the award of $644 for interest on the value of the personal property from the date of conversion. As modified the judgment is affirmed.

Cologne, Acting P. J., concurred.

**WIENER, J.**—I agree with the majority in all respects save for that portion of the opinion which implies that an appearing party forfeits his status as a party litigant when he fails to show up for trial. (See *ante*, p. 621.) In my view, there may be many reasons why a party, after paying the necessary filing fee to answer a complaint, may prefer to absent himself from the courthouse. The emoluments of a party litigant, i.e., one who has paid the necessary fee to appear in the action or who is excused from the payment of that fee, should include the right to avoid the expense of appearing in court for the sole purpose of rejecting a tendered stipulation for the appointment of a temporary judge.

*Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1 [118 Cal.Rptr. 21, 529 P.2d 53], relied upon by the majority, does not involve an appearing party. The holding is limited to a defaulting party who later filed his pleadings. (*Id.*, at pp. 8-9.) *Bill Benson Motors, Inc.* v. *Macmorris Sales Corp.* (1965) 238 Cal.App.2d Supp. 937 [48 Cal.Rptr. 123], is not binding precedent on the issue of forfeiture because it was decided by the appellate department of the superior court on unique facts with its holding resting on alternative grounds. In *Benson*, frustrated by the court's refusal to continue the case for more than two hours, appellant's counsel said he was leaving the courthouse. The appellate department of the superior court in very careful language said, "We conclude that the phrase 'parties litigant or their attorneys of record' does not include parties or attorneys who *wilfully* remain away from the trial of a case as appellants and their counsel did in this case. This being a civil case, they cannot be held in contempt, but there is no injustice in ruling that they waive their rights to object to the appointment of the Commission-

er as a judge pro tempore in this case by their wilful absence." (Italics supplied.)

"Wilful" in the context of *Benson* involves more than a voluntary absence. It connotes behavior which is not justifiable under circumstances where the court was unable to hold either counsel or his client in contempt. Accordingly, it concluded a reasonable sanction for this disrespectful behavior was a loss of that party's right to have the case heard by a judge.

The respectful difference of opinion which I may have with the majority on the question of when a party litigant may forfeit his status becomes irrelevant in this case.

Chisholm never became a party litigant in the superior court. Although he paid his appearance fee to file an answer to cross-complain in the municipal court, he did nothing in the superior court. After obtaining an order for transfer in the municipal court, he failed, after repeated requests, to pay the sum necessary to effect the transfer. It is unnecessary to characterize his motive for, in failing to pay the necessary premium, a modest charge which he solicited and obtained through his successful motion, he never became a party litigant in the superior court. Accordingly, because his stipulation to a temporary judge was unnecessary, I agree with the result reached by the majority.