**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN DURAND; et al., | No. 13-16280 |
| Plaintiffs-counter-defendants - Appellants, | D.C. No. 2:09-cv-02038-JAM-CKD |
| v. | MEMORANDUM* |
| CANDICE L. STEPHENSON; et al., | |
| Defendants-counter-claimants - Appellees, | |
| And | |
| STONEHOUSE COURT ASSOCIATES, LLC, a California limited liability company, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted August 12, 2015[]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Plaintiffs Edwin and Madelaine Durand appeal the district court's denial of their motion for a new trial as to damages in their lawsuit against Defendants for the conversion of their Wabco loader. Plaintiffs also appeal the district court's denial of their motion for reconsideration regarding the new trial ruling. Because the district court did not make a mistake of law and the verdict is not contrary to the clear weight of the evidence, we affirm.

The district court did not err by declining to adopt Plaintiffs' proposed jury instructions adding a definition of fair market value. The definition proposed by Plaintiffs had been used to calculate value in eminent domain cases and was not clearly applicable to conversion cases. *Compare* Cal. Civ. Code § 3336 *with* Cal. Code Civ. P. § 1263.320(a); *see Lint v. Chisholm*, 121 Cal. App. 3d 615, 624 (1981). The court's instruction did not misstate California law with respect to calculating damages for conversion, and the court did not abuse its discretion by wording the instructions differently from Cal. Civ. Code § 3336.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm the jury's award of $6,000 because it is not contrary to the clear weight of the evidence. The jury could properly rely upon testimony that the loader had actually been sold for $6,000 at an arms-length transaction. Other witnesses also testified that Plaintiffs were willing to accept $8,000 for the loader before it had been converted, and that the loader may properly be valued at $7,000. The jury also heard testimony that the loader had severely deteriorated and depreciated over time through its exposure to the elements while sitting unused on the property for many years. The testimony indicating that the loader may have been valued at around $6,000-$8,000 by actual buyers and sellers, along with the testimony as to the loader's deterioration, sufficiently supports the jury's damages award.

The district court did not abuse its discretion by permitting Mr. Churches to testify notwithstanding Defendants' failure to make a proper disclosure under Fed. R. Civ. P. 26. The district court did not err by concluding that Defendants' failure was substantially justified due to Plaintiffs' disclosure of Mr. Churches in an interrogatory shortly before discovery closed. The court also did not err by concluding that Plaintiffs did not suffer prejudice because they had notice of Mr. Churches' availability and testimony due to their prior interactions with him. Nor did the court err by concluding that Mr. Churches' testimony was relevant because

3

the dozer and loader had been used and stored together and Mr. Churches had entered negotiations to purchase the loader.

The district court did not abuse its discretion by permitting the *Green Guide* and other documents to be used for impeachment purposes when the Defendants cross-examined Mr. Fadda. *See Gribben v. United Parcel Service, Inc.*, 528 F.3d 1166, 1171–72 (9th Cir. 2008). These documents were not subject to the pretrial disclosure requirements under Fed. R. Civ. P. 26. *See id*.

**AFFIRMED.**